BRYAN WEAVER V. THE STATE.

No. 17759. Delivered June 26, 1935.
Rehearing Denied November 6, 1935.

318

The opinion states the case.

*Kirby, King & Overshiner,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for rape; punishment, fifteen years in the penitentiary.

The State's testimony shows that the appellant left his home in a car about 12:30 P. M., going to the business part of the town of Abilene; that he overtook prosecutrix, who was then 13½ years of age, while she was walking from her home back to school. He asked her to get into the car, that he would take her to school. After she had entered the car, instead of going to the school he drove out into the country two or three miles where he assaulted her. He then took her within two blocks of the school building where he let her out of the car. When she reached the school house she met one of her schoolmates and informed her of what had happened. Some of her undergarments were torn at the time and her schoolmate pinned them up for her. At the afternoon recess she went home and told her mother, who sent her to Dr. Snow for an examination. The next day she was taken to the office of Dr. Hollis who examined her and found her privates bruised and the hymen ruptured. The appellant was arrested that afternoon and at the time was wearing a shirt which was torn in two places,

and his hand had a skinned place showing that it had recently bled. The appellant denied seeing the girl on that afternoon. He denied taking her to the country in his car and denied having made the assault upon her. He testified that he did not leave home until about five or ten minutes to one. His father, mother and sister testified that he did not leave home until one P. M.; that they remembered this because he wanted the car and his sister wanted to use the car at 2 P. M.; that she, the sister, did not want him to take the car and go to town with it as he might not return by 2 P. M.; that they looked at the clock and saw that it was just one o'clock; that he had ample time to go to see the parties he wanted to see and get back home by 2 P. M., whereupon they consented for him to use the car. The next day the officers took the prosecutrix to the place where the alleged assault occurred and found tracks made by a girl's shoe in which they placed her shoe, which fitted perfectly in said tracks. The officers also observed a man's shoe track which showed a steel plate on the heel; that appellant on that day was wearing shoes with a steel plate on the heel.

The appellant's first contention is that the testimony is insufficient to warrant· and sustain his conviction. We are unable to agree with him. The prosecutrix, who was subjected to a severe cross-examination, was very positive and . certain on the most material issues, and was corroborated by Dr. Hollis on the question of penetration. She was also corroborated by the officers who made an examination of the tracks at the place of the alleged assault and as to the appellant's torn shirt and his lacerated hand. The appellant was equally as positive in his denial of the alleged occurrence and was sustained in his testimony by his father, mother and sister as to the time he left home. Thus a fact issue was made which was submitted to the jury under appropriate instructions from the court and was determined adversely to the appellant's contention.

We consider appellant's bills of exception in the order they are argued in his brief. Bill No. 8 is first discussed. It is in Q and A form, certified by the trial court to be necessary.

Aside from his own denial of guilt, appellant's main defense was alibi. He introduced three alibi witnesses, his mother, father and sister. There can be no question of the right of the State, upon cross-examination of these witnesses, to elicit from them the names of all persons claimed by them to have been present at the time and place laid for the alibi. With the information sought the State's attorney could call and use

all such persons if he so desired, and if such persons were available as witnesses for the accused and *not* for the State,— then said attorney might make the non-use of such witnesses by the accused the basis of reasonable criticism in argument. While the mother of appellant was a witness for the defense, testifying that appellant was at her home at the very time laid by prosecutrix as that of the assault upon her,—she was asked on cross-examination by the State's attorney to name all persons present with her on said occasion. Nothing in said bill of exceptions No. 8 indicates that the State was intending to ask as to the relationship of these parties,—indeed at a certain point when appellant's counsel objected to any requirement that the witnesses state the relationship,—the State's attorney expressly said he did not ask the relationship. At this point the trial court himself told the witness to state all who were present, and as she complied, and in answer to the question by the State's attorney "Who else?" this witness answered "Margie, his wife." When appellant objected to this statement, the court told the jury not to consider the statement that she was appellant's wife. Appellant urges that this was reversible error. We are not in accord with such view for various reasons.

It is the rule in this State, upon many decisions, all uniform,—that if the wife of the accused be a witness to any fact material to his defense, and be available and not called by the defense, this is properly a subject for criticism in the State's argument to the jury. Mercer v. State, 17 Texas App., 452; Armstrong v. State, 34 Texas Crim. Rep., 250; Richardson v. State, 44 Texas Crim. Rep., 211; McMichael v. State, 49 Texas Crim. Rep., 424; Tabor v. State, 52 Texas Crim. Rep., 393; Battles v. State, 53 Texas Crim. Rep., 208; Bybee v. State, 74 Texas Crim. Rep., 214; Eads v. State, 74 Texas Crim. Rep., 632; Watts v. State, 87 Texas Crim. Rep., 443; Medford v. State, 89 Texas Crim. Rep., 4; Gutierrez v. State, 96 Texas Crim. Rep., 330; Prater v. State, 104 Texas Crim. Rep., 672; Melton v. State, 110 Texas Crim. Rep., 440. It is difficult to perceive how the State could avail itself of the right to make such argument if it be denied the right to make proof of the fact that appellant's wife was one of those claimed to be present at and when the alibi was laid.

We would hold as above indicated had the State intentionally made said proof regarding the presence of appellant's wife at her mother's house on said occasion, but under the facts set out in this bill it is evident that in disclosing the

relationship of Margie,—as appellant's wife,—the mother was volunteering something not embraced in the State's question, and which if irrelevant, as has been held in some cases, was not chargeable to the State. There is no claim that the State attempted in argument to refer to this statement, or in any way rely on same to create prejudice or arouse passion against the accused.

Counsel for appellant seems of opinion that proving such fact is necessarily reversible error. We have examined the authorities in this State and have found only one which was reversed for such proof by the State. See Tabor v. State, 106 Texas Crim. Rep., 35, an assault to rape case, opinion by one of our esteemed former commissioners. Inspection of the original record in said case, now among the files of this court, discloses an exaggerated use of and emphasis upon the fact that the accused was a married man with a young wife at his home, and also at many times in the argument reference was made, over objection, to such fact. We think the effect of that opinion, viz: that a case should be reversed for the mere making of such proof, should be modified. We do not regard it necessary to hold that in every case where such proof is made this should be held reversible error, as appears from the opinion in the Tabor case, supra. There are cases in which proof that the accused was a married man, was not only not reversible but held to be competent. The case at bar is an illustration. See Wilkerson v. State, 60 Texas Crim. Rep., 388; Battles v. State, 63 Texas Crim. Rep., 147; Hagood v. State, 292 S. W., 904; Forrester v. State, 109 Texas Crim. Rep., 361.

We have said this much to show that each case must be governed by the law applicable to its own facts, and that while in some cases proof that the accused is a married man may be proper, in most cases such proof would be irrelevant and immaterial, in which case the trial courts should not admit same. In the case at bar, under its facts, it would have been competent for the State to prove that appellant's wife was at the home of his mother at the time and on the occasion fixed by his proof as that of his alibi.

We have examined all of appellant's other bills of exception without being able to find therein any error. The arguments complained of do not appear to us to be of such character as to make necessary a reversal of this case. We think it permissible for the State to prove by the schoolmate of the prosecuting witness, who saw her soon after her return from

the place of the alleged assault, that the prosecutrix was nervous and that she looked white. We do not think the statements of Dr. Snow, who was a defense witness, which were elicited by the State on cross-examination, were of such character as to make them reversibly erroneous. The fact that the officers took the heel of appellant's shoe out to the scene of the alleged rape and there fitted it into a heel track; also that they took the girl in question out to the scene and her foot fitted tracks there found, seems to have been proper. The fact that appellant was in jail at the time his shoe was taken out and placed in the track in question, does not make the testimony inadmissible.

Being unable to agree with any of the contentions of appellant, and finding no error in the record, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that the case should be reversed because of evidence admitted showing appellant to have been a married man at the time of the alleged rape. A large part of our original opinion was devoted to a discussion of this question. It very clearly appears therefrom under what circumstances such evidence came into the case. We have examined all the authorities to which we have been referred by appellant in his motion for rehearing, but have been unable to reach the conclusion that they show our former disposition of the point to have been erroneous.

It is further urged that bills of exception numbers one and two bringing forward complaint at the argument of State's counsel present error. The two bills cover more than five typewritten pages in the transcript, and contain objections to many statements made in the argument. It would serve no useful purpose to lengthen the opinion by setting out the arguments and the objections thereto. The bills have again been examined and our opinion regarding them remains the same as originally expressed.

Two other bills are mentioned in the motion for rehearing, one relating to the evidence elicited from Dr. Snow on cross-examination by the State; the other complains because an officer was permitted to testify that he observed on appellant's shoes while he was in jail steel caps on the heels which corresponded with heel prints found at the place of the alleged

offense, the particular objection being that appellant was under arrest when the steel caps on the heels of his shoes were observed. After further consideration we find no error presented by either of said bills.

Appellant's motion for rehearing is overrued.

*Overruled.*