## W. A. SMART V. THE STATE.

No. 18961.   Delivered June 9, 1937.
Rehearing Denied October 13, 1937.
Second Rehearing Denied October 20, 1937.

The opinion states the case.

*Story, Storey & Donaghey,* of Vernon, and *Vance Swaim,* of Lubbock for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for rape; punishment, twenty-five years in the penitentiary.

When this case was called for trial appellant moved for a change of venue. The application was sworn to by appellant's attorney and three compurgators. The affidavit of these latter appears to have been taken before one of appellant's counsel, and for this reason might be deemed insufficient under the authorities, but no complaint was made of this in limine, and in view of the fact that had this complaint been advanced and sustained, the affidavit might have been later properly sworn to and again presented,—we are constrained to conclude the trial court purposely waived such defect and heard evidence

pro and con upon the application. We have examined the testimony bearing on the question of a change of venue, and are not able to see any abuse of discretion on the part of the trial court in overruling said application. Several of the witnesses for the appellant, as well as those for the State, affirm that in their belief a fair trial could be had in Foard County, and most of the witnesses for the defense, who did not so affirm, were dubious on the point, only a very few being of definite opinion that a fair trial could not be had in said county. No newspaper utterances were in proof; no mob demonstrations were claimed or effort to make such move. Most of the people heard by the witnesses on this point, as discussing the case before the trial,—were persons who expressed no opinion as to appellant's guilt, but merely said what ought to be done in case guilt was established.

There is nothing in this record suggesting the slightest difficulty in getting a jury satisfactory to the accused, or that objections to any doubtful juror were not sustained; nor is it claimed that any person sat on the jury who had prejudged the case. In fact, the record is utterly blank as far as any showing as to the proceedings during the selection of the jury is concerned. If appellant used up his challenges, that fact does not appear. If appellant was tried before a jury to which he had no objection, this would be strongly persuasive against his claim of injury by refusal of the change of venue. As far as we know, appellant was tried before a jury, every man of whom was perfecty fair and acceptable to appellant and his eminent counsel. We see no reasonable ground for complaint at the rejection of the application for change of venue.

Appellant asked for a continuance, same being a third application. From the record we learn that appellant was indicted September 15, 1936, and his case set down for trial on the _____ day of September, 1936. When called the case was continued by appellant. Later a special term of the court was held, during which this case was set for October 12, 1936, on which day appellant asked for another continuance in order that proper tests might be made supporting a claim of physical impotence on the part of appellant. The court reset the case for October 29, 1936, at which time another application for continuance was made upon two grounds, the first, apparently, that appellant was of unsound mind, and had not had time to have his mental condition thoroughly investigated by a competent alienist; and, second, that he was too ill to go to trial, and was unable to confer with his counsel, and unable to under-

stand or pay attention to the proceedings of his trial. The bill of exceptions complaining of the overruling of the application for continuance is qualified by attaching to same the testimony heard by the court at length. Two doctors swore that appellant was not of sound mind, and was not able to confer intelligently with his counsel. Two doctors swore that appellant was of sound mind, and was able to stand the trial, and understand the proceedings, and both these gentlemen affirmed that in their opinion appellant was malingering, that is, that he was feigning and putting on. Other evidence pro and con was before the court, and we see no abuse of his discretion in refusing the application for continuance.

There are twelve other bills of exceptions, each of which has been examined, and none of which exhibit reversible error. The application for continuance made during the trial, is without merit. The motion for an instructed verdict, made when the evidence was concluded, was properly overruled. The books are full of cases holding it not reversible error for the trial court to reject testimony of the fact that a girl under the age of consent had had intercourse with some person other than the accused, when such proof tends to solve no issue in the case. The argument of the district attorney was clearly not erroneous under the qualification appended to the bill presenting this complaint. Even if improper for the State to prove an act of intercourse between appellant and prosecutrix on another occasion than the one here involved, we would observe that proof was made, without objection, of numerous other acts of intercourse besides the one objected to, and this would under all of the decisions render unavailing the objection made.

The testimony of the girl that her first act of intercourse with appellant was when his wife was in a hospital, was given in answer to a question which did not seem to call for any reference to the fact that appellant had a wife, and the State's attorney so stated to the trial court. The reference to the fact of appellant having a wife might have been properly excluded, but under the facts of the case we can not see how it could have affected his case injuriously. See Weaver v. State, 86 S. W. (2d) 758, and authorities cited.

Appellant did not take the stand, nor did he offer any testimony to rebut that of prosecutrix, who testified without contradiction that she was a fourteen year old girl, and that beginning months before the detection of the illicit intercourse, appellant began a continued course of intimacy, and for a long time he had been having carnal intercourse with her something

like every other day. Appellant was a school teacher, and the girl in question was aiding and assisting in caring for some of the primary work in the school of which he was superintendent. It is evident from the testimony that suspecting intimacy certain citizens of the town watched appellant on the occasion here involved and saw him get in his car, drive up a certain street and saw the child get in the car with him, and said citizens entered another car and followed them out several miles. Appellant was in a better car than the one driven by them and seems to have finally driven off and left them. The girl said that before they came back to town on this occasion appellant had intercourse with her. She testified that most of the acts occurred in certain parts of the school building, and certain of the children in the school were used as witnesses to testify that appellant and the girl in question would often disappear and they would be unable to tell where they were during such absences.

We have found no reversible error in the record, and the judgment will be affirmed.

*Affirmed.*

MORROW, P. J. (dissenting).

Upon the facts set forth in the record, it is the opinion of the writer that it was the imperative duty of the court to grant the appellant's motion for a change of venue. Because of the refusal of the trial court to do so, I am unwilling to assent to the affirmance of the judgment of conviction and therefore enter my dissent.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant's motion for rehearing stresses the point that we were in error in sustaining the trial court's action in overruling the motion for change of venue.

There having been a difference of opinion among the members of the court on such question originally the matter was given consideration before our opinion of affirmance was released. In view of appellant's motion, however, the evidence upon the hearing of the motion for change of venue has again been reviewed. Such evidence, we think, sustains the conclusions reached in our opinion affirming the judgment. To write further would be only restating in different language those conclusions.

We do not believe the other points urged in the motion call for further discussion.

The motion for rehearing is overruled.

*Overruled.*

## ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant makes an urgent appeal for a second rehearing, insisting that we did not consider his bills of exceptions 6 and 9. We did consider them, but did not write thereon by number. Bill 6 complains of argument of the State's attorney, in that he said that perhaps the jurors had girls of the same age as prosecutrix, and that the father and mother of prosecutrix had shown themselves to be good people, and that then the attorney said: "We do not want people using shot guns in these kind of cases," and further said "We don't want men settling these kind of cases with shot guns." This is the argument complained of, and the court below qualified the bill of exceptions, saying that the argument made by State's attorney was in answer to argument of defense counsel, and that defendant's counsel did not mention guns. There was no exception to this qualification. That a bill bearing such qualification showed no error is plain.

Bill of exceptions 9 sets up that prosecutrix was allowed to testify, over objection, that the first time she had intercourse with appellant was a year prior to the act charged in the indictment herein. The record shows that prosecutrix testified, without objection, both on direct and cross-examination, that she had had other acts of intercourse with appellant frequently, continuing from the first act down to the one laid in the indictment, which was nearly a year later. There are so many authorities holding that when proof is made, without objection, of identical facts to which objection has been made, this will render unavailing such complaint,—that they need no citation.

Appellant's application for leave to file second motion for rehearing is denied.

*Denied.*