SAMUEL WILLIS PURIFOY v. STATE

No. 28,378. June 27, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 10, 1956.

*Chas. B. Spicer, Jr.,* Pasadena, and *King C. Haynie* [on appeal only] Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for statutory rape; the punishment, ten years in the penitentiary.

The prosecutrix testified that she was twelve years of age; that when she returned from school to her home about September 20, 1955, the appellant, her step-father, locked the doors of the house while her mother was away and the children were in the yard, took her into the back bedroom, removed her panties, and placed his private parts into hers which caused her much pain; and that he had had other acts of intercourse with her, but that she had not told anyone until September 29, 1955, because he threatened to kill her and her mother if she did. She further testified that on September 29 appellant, while hiding behind the door, heard her telling her mother of his conduct, suddenly came into the room, said something about killing somebody and she ran from the house. She testified also that after September 29 and before the instant trial that she saw the appellant at a grocery store and he "said for me to go to the police, and tell them this was all a lie, and that my mother was fixing to get killed, and I would be the cause of it;" and while with Doris Sindle on the day before she was called to testify she saw appellant in the hallway of the courthouse and that "He told me I better watch what I say."

Doris Sindle testified that she heard the appellant tell the prosecutrix in the hallway of the courthouse during the trial that "You better watch what you say when you get up there."

Dr. Coulter testified that he made a vaginal examination of the prosecutrix on October 3 and found that the hymen was torn and had been penetrated and that the tears had healed.

Appellant, while testifying in his own behalf, denied that he had at any time had any sexual relations with the prosecutrix; that he did come in the house on September 29 while Patsy and her mother were talking, but it was for the purpose of getting some cigarettes and that he didn't threaten to injure

anyone, and that this charge was planned by his wife because for more than a year she had wanted a divorce to which he would not agree. He denied talking to the prosecutrix at the grocery store and in the hall as she related.

Appellant complains of the following questions while he was testifying which were directed by the state's attorney: first, had his attorney informed him that his wife could not be used as a witness against him under the law, and second, did he know of his own knowledge that his wife could not testify against him in this case. Appellant's objections to such questions were sustained and they were not answered. Thereafter appellant testified without objection that he did not know what the law was about a husband and wife testifying in court.

Appellant's wife was not called by either party as a witness.

No requests were made of the court to instruct the jury not to consider the questions of which he now complains and they were left in the record. If aggrieved, it was incumbent upon the appellant to ask the court to instruct the jury not to consider such questions and then move the court to declare a mistrial, which he failed to do, hence no error is reflected. 13A Tex. Dig., Criminal Law, Key No. 1170½ (3). Further, it is a rule that state's counsel may comment in his argument to the jury on the failure of the defendant to produce his wife as a witness. Branch's Ann. P.C., 2nd Ed., 411, Sec. 392. It appears that the right to make such argument would allow the state to show when material that the appellant knew that he could call her if he desired but that the state could not. Battles v. State, 53 Tex. Cr. R. 202, 109 S.W. 195; Smith v. State, 90 Tex. Cr. R. 24, 232 S.W. 497; Weaver v. State, 129 Tex. Cr. R. 317, 86 S.W. 2d 758.

Appellant contends that the uncorroborated testimony of the prosecutrix is insufficient to support the conviction on the ground that she did not complain, although she had ample opportunity, until nine days after the date of the alleged offense.

The rule here urged by the appellant has never been applied as a general proposition in cases where the prosecutrix is under age and fails to make outcry promptly or within a reasonable time. The issue of consent cannot legally arise in that the offense is complete with or without her consent. Ramsey v. State, 63 S.W. 875; Moore v. State, 90 Tex. Cr. R. 604, 236 S.W. 477;

Armstrong v. State, 152 Tex. Cr. R. 107, 252 S.W. 777; Hindman v. State, 152 Tex. Cr. R. 75, 211 S.W. 2d 182.

However, the testimony shows without dispute that the prosecutrix was under age, that she had lived with her mother and the appellant for six years during which time she was under his tutelage, guidance, and supervision. The physician testified that the prosecutrix' hymen was torn and had been penetrated There were no suggestions in the record of any improper association on her part with any other male person. In addition to the numerous threats of violence which the prosecutrix testified that the appellant made to her, Doris Sindle testified that she heard the appellant tell the prosecutrix in the hallway of the courthouse during the trial, "You better watch out what you say when you get up there." Appellant admitted while testifying that he came into the house on the evening of September 29 when the prosecutrix and her mother were talking, but states that it was for the purpose of getting cigarettes. This is the time prosecutrix stated that she first told her mother and which conversation she says the appellant overheard; and at this time appellant left the house, the officers came, and this prosecution was soon commenced.

The testimony was sufficient to warrant the jury's conclusion that the appellant was guilty as charged.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.