Tony Roger URTEAGO, Appellant,

v.

STATE of Texas, Appellee.

No. 31356.

Court of Criminal Appeals of Texas.

Jan. 27, 1960.

Appellant's Motion for Rehearing Overruled
March 9, 1960.

———————◆———————

Webb, Schulz & Stokes, Aubrey D.
Stokes, San Angelo, James F. Gruben, San
Angelo, of counsel, for appellant.

Leon Douglas, State's Atty., of Austin,
for the State.

WOODLEY, Judge.

The offense is the unlawful possession of
marihuana; the punishment, five years.

The case was one of circumstantial evidence.

Police Sgt. Bailey and Policeman Wagner, in company with a Federal Narcotics
Agent, went to appellant's home with a
search warrant. As they approached ap-

pellant was standing at the door of an automobile talking in through the window at the rear of his home. He had trousers on but no shirt.

The officer called upon him to stop, said: "Police officers, stop", but instead he ran into and through the house, pursued by one of them. The officer fired a shot, but appellant made his escape. Later he turned himself in to the authorities.

Four fruit jars were found on the premises of appellant which contained marihuana. Two were dug up by an officer with his hand under a cucumber vine at the back of appellant's house: "Captain Wagner started raking in with his hands, and we found a jar." The other two were dug up at the edge of the garage: "I was digging along there, looked kind of fresh, and I found a gallon jar, clear jar, and another, you might say a quart jar, similar to a quart jar."

The evidence shows that appellant purchased the premises searched and moved there about May 1, 1958, and the marihuana was found on September 25, 1958.

The testimony to the effect that the ground was freshly dug and that it could be dug with the hand, and the flight of appellant upon approach of the officers was sufficient to remove any reasonable hypothesis that the marihuana had been buried by prior occupants of the premises or had remained there without appellant's knowledge for more than four months.

■ We find the evidence sufficient to sustain the jury's finding that appellant possessed the marihuana in the fruit jars.

Other complaints relate to argument of counsel for the state to the jury.

What appear to be excerpts from such argument have been included in the transcript, but there are no formal bills of exception and no instrument bearing the signature of the trial judge or attorney which shows the argument or objection thereto.

Finding no reversible error, the judgment is affirmed.

On Appellant's Motion for Rehearing.

DICE, Commissioner.

■ In our opinion on original submission we did not consider appellant's complaints to jury argument because there were no formal bills of exception or any instrument in the record bearing the signature of the trial judge or the attorneys showing the argument complained of and appellant's objection thereto. Since delivery of the opinion there has been included in the record two instruments duly approved by the trial judge and timely filed in the trial court, which contain certain portions of the argument of State's counsel with appellant's objections thereto. Such instruments are sufficient under section 2 (c) of art. 759a, Vernon's Ann.C.C.P. to constitute informal bills of exception to jury argument and will be considered. Kinnebrew v. State, Tex.Cr.App., 324 S. W.2d 554.

■ From the bills it is shown that in his closing argument to the jury the District Attorney in discussing the issue of appellant's possession of the marijuana, stated "Who was it? Mrs. Urteago? We couldn't bring her up here to testify. The law provides that the wife of a defendant cannot be subpoenaed by the State and called as a witness" and after the court had overruled appellant's objection to the argument, counsel for the State continued by stating "It is true that the defense doesn't have the obligation to produce anything. They don't. They don't have to. The State couldn't bring Mrs. Urteago in as a witness. The defense didn't see fit to" to which counsel for appellant stated "Your Honor that is improper. Cannot be required to testify, and they can tender her. And that is improper argument. And they can cross examine her as to anything brought out on direct. We ask the court for a proper instruction." Thereupon, the

court instructed the jury to "go by the evidence as they saw it." We are unable to agree with appellant that the remarks constituted an allusion to his failure to testify. From such remarks it is clear that State's counsel was commenting upon the appellant's failure to call his wife as a witness who the record shows lived with him on the premises where the marijuana was found. The right of the State to so comment is well recognized in this State. See Weaver v. State, 129 Tex.Cr.R. 317, 86 S.W.2d 758 and Purifoy v. State, 163 Tex. Cr.R. 488, 293 S.W.2d 663. The argument complained of in the bill does not present error.

Appellant's remaining bill of exception is to that portion of the closing argument of the district attorney, when in discussing enforcement of the law by the jury, he stated: "As you find this man guilty, think of the effect of your verdict, not just something one individual said but your verdict will be the judgment of the court. It will be held up for all to see; it will serve as an example for others. Your verdict will show the attitude you citizens of Tom Green County take toward Marihuana." Appellant objected to the argument and asked for a mistrial on the ground that it was an appeal to the jury to decide the case on public opinion as was condemned in Cox v. State, 157 Tex.Cr.R. 134, 247 S.W.2d 262. The court responded with an instruction to the jury to consider only the evidence in the case. In the Cox case the prosecutor told the jury that the people of a certain locality were asking the jury to convict. Clearly the argument to which appellant here complains makes no such assertion and cannot be reasonably construed as an appeal to convict appellant because of public opinion. The argument brought no outside matter before the jury and appears to have been an appeal to the jury for law enforcement and to return a verdict which would deter others from committing similar offenses. Such argument has been held to be proper. May v. State,

151 Tex.Cr.R. 534, 209 S.W.2d 606, and Henderson v. State, 163 Tex.Cr.R. 573, 295 S.W.2d 215. No error is shown in the bill.

The motion for rehearing is overruled.

Opinion approved by the Court.