Oscar Pruitt STALLINGS, Appellant,

v.

The STATE of Texas, Appellee.

No. 44428.

Court of Criminal Appeals of Texas.

Jan. 11, 1972.

Rehearing Denied March 15, 1972.

**680**

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of assault with intent to murder. Punishment was assessed by a jury at fifteen years.

The sufficiency of the evidence is challenged.

The record reflects that appellant's wife was a guest at the home of her parents on June 29, 1969. During the late evening hours on that date, appellant arrived at the house. Appellant, Billy Joe Mathis, David Cantrell, and Joe Colonna were visiting in the garage. Appellant left the garage and entered the house. Shortly thereafter, the three who had remained in the garage heard someone in the house scream. They ran inside and found appellant and his wife in the bathroom. The wife stated, in their presence, that appellant was "wanting to cut her throat." A scuffle ensued between appellant and Colonna, who was the step-father of appellant's wife. A short time later, Colonna went outside and found appellant standing by a car, holding a shotgun. Appellant fired the shotgun twice at Colonna, the first shot hitting him in the arm and the second shot missing him. Colonna ran, and managed to avoid appellant until the police arrived.

Appellant denied that he had malice or intent to murder and testified that he acted in self-defense. The jury resolved these issues against him, and we conclude that the evidence is sufficient to support the verdict.

The intention to commit an offense is presumed whenever the means used are such as would ordinarily result in the commission of that offense. Article 45, Vernon's Ann.P.C. The intent to commit murder may be shown by the use of a deadly weapon per se. Hall v. State, Tex. Cr.App., 418 S.W.2d 810. A shotgun is a deadly weapon per se. Burks v. State, 145 Tex.Cr.R. 15, 165 S.W.2d 460. The shooting of Colonna with such weapon at close range authorized a finding of malice. Taylor v. State, Tex.Cr.App., 470 S.W.2d 693; Ratcliffe v. State, Tex.Cr.App., 464 S.W.2d 664; Walker v. State, Tex.Cr. App., 440 S.W.2d 653; Hall v. State, supra.

■ Next, appellant complains that fifteen years confinement for the offense of assault with intent to murder constitutes cruel and unusual punishment. This contention is without merit. The punishment assessed by the jury is within the statutory limits established by the legislature.[1] See Wilson v. State, Tex.Cr.App., 473 S.W.2d 532 (1971).

Also, the contention is made that the trial court erred in allowing the complaining witness (Colonna) to testify as to statements made by appellant's wife immediately preceding the shooting. He contends that such testimony should have been excluded under Article 38.11, Vernon's Ann.C.C.P., and because such statements were hearsay.

■ Statements that are made by a wife to a third party or statements between husband and wife which are overheard by a third party do not come within the privilege under Article 38.11, supra.

■ In the instant case, appellant's wife stated, in the presence of three witnesses, that appellant "was wanting to cut her throat." The complaining witness testified as to this statement. This conversation between appellant's wife and her step-father is not within the marital privilege. Matlock v. State, Tex.Cr.App., 373 S.W.2d 237; Morris v. State, 150 Tex.Cr.R. 58, 198 S.W.2d 901.

Neither was the testimony concerning such conversation inadmissible as hearsay; the statement was made in the appellant's presence. Miller v. State, Tex.Cr.App., 158 S.W.2d 804; Southall v. State, 77 Tex.Cr.R. 490, 179 S.W. 872. Further, appellant was not charged with aggravated assault on his wife nor was the state attempting to prove that such an assault actually occurred. The fact that the statement was made was material to show how the incident in the case at bar began. The record reflects that immediately following such statement, a fight occurred between appellant and Colonna which culminated in the assault in question. Therefore, since the out of court statement was not offered for the purpose of proving the truth of the matter stated therein, it was not inadmissible as hearsay. 1 McCormick & Ray 2d Ed., Texas Evidence, Sec. 781 (1956); 24 Tex.Jur.2d, Evidence, Sec. 560. See also Haynes v. State, Tex.Cr.App., 475 S.W.2d 739 (1971).

■ Finally, appellant complains of prosecutorial misconduct. This contention arises from the prosecutor's cross-examination of appellant concerning whether he was aware that the state could not call his wife to testify but that he could.

In Purifoy v. State, 163 Tex.Cr.R. 488, 293 S.W.2d 663, at page 664, this court stated:

". . . it is a rule that state's counsel may comment in his argument to the jury on the failure of the defendant to produce his wife as a witness. Branch's Ann.P.C., 2nd Ed., 411, Sec. 392. It appears that the right to make such argument would allow the state to show when material that the appellant knew that he could call her if he desired but that the state could not. Battles v. State, 53 Tex.Cr.R. 202, 109 S.W. 195; Smith v. State, 90 Tex.Cr.R. 24, 232 S.W. 497; Weaver v. State, 129 Tex.Cr.R. 317, 86 S.W.2d 758."

In the case at bar, appellant was relying on self-defense, and testified that his wife "grabbed the gun" that he was holding.

---

1. Article 1160 Vernon's Ann.P.C. provides: "If any person shall assault another with intent to murder, he shall be confined in the penitentiary for not less than two (2) nor more than twenty-five (25) years, . . ."

476 S.W.2d—43½

"Q. Did she grab ahold of the barrel of the gun?

"A. She grabbed the barrel and I turned loose of it.

.    .    .    .    .    .

"Q. Is it your testimony that—what did your mother-in-law say?

"A. I don't know, she said something to my wife, me and my wife was talking and I didn't pay any attention. I mean, it's her mother, she walked up behind me and I didn't think anything and she said something to my wife, I don't remember what it was and I asked *us* to please let us alone, to let us settle our own troubles.

"Q. All right. And then did she turn around and close the door and leave?

"A. No, she left.

"Q. Who shut the door?

"A. I re-ched and closed it, there was no one in the bathroom but me and my wife. I don't even think the lock caught, I just took my hand and closed it.

"Q. Now, Mr. Stallings, you're aware of the fact, aren't you, that I can't call your wife to testify?

"A. I'm aware of that fact, yes, sir. I've had it explained to me by Mr. Hancock.

"Q. You're also aware of the fact that you can bring her to testify?

"A. That's right."

In light of such testimony by appellant, the state was entitled to show that appellant knew he could call his wife as a witness if he desired, but that the state could not. Purifoy v. State, supra.

Finding no reversible error, the judgment is affirmed.