**Huey Delano WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45225.**

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

Rehearing Denied Dec. 13, 1972.

Emmett Colvin, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal stems from a conviction for murder with malice wherein the jury assessed the punishment at life imprisonment.

At the outset, appellant, represented by retained counsel on appeal, contends that his conviction is void "because he was denied the right to effective counsel as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States."

Appellant's trial counsel was also retained and of his own choice and it appears that he has been in the practice of the law since 1929.

Although appellant's brief points out several instances where no objection was made by his trial counsel, his main complaints are directed against the State's "line of attack." He calls attention to several instances of improper questioning of

witnesses and improper jury arguments by the State most of which were successfully objected to by defense counsel with jury instructions to disregard being given.

■ The record has been carefully examined and we cannot conclude that there was ineffective assistance of counsel. The record does not support or reflect any willful misconduct by the *employed* counsel without appellant's knowledge which amounts to a breach of the legal duty of an attorney. See Steel v. State, 453 S.W. 2d 486 (Tex.Cr.App.1970); Lawson v. State, 467 S.W.2d 486, 487 (Tex.Cr.App. 1971); Chatman v. State, 478 S.W.2d 91, 92 (Tex.Cr.App.1972). Further, counsel not being court appointed, any claimed incompetency or lack of effective assistance on the part of such counsel cannot be imputed to the State. Lawson v. State, supra.

■ The fact that appellate counsel might have conducted the trial in a different manner or offered different objections or objected where no objections were made does not mean that trial counsel is rendered ineffective. See Brooks v. State, 473 S.W.2d 30 (Tex.Cr.App.1971). In Williams v. Beto, 354 F.2d 698 (1965), the Fifth Circuit Court of Appeals stated:

> " . . . as no two men can be exactly alike in the practice of the profession, it is basically unreasonable to judge an attorney by what another would have done, or says he would have done, in the better light of hindsight. . . ." 354 F.2d at 706.

Appellant's initial contention is overruled.

In two grounds of error, appellant contends the court committed reversible error in permitting the prosecution to use the wife, indirectly, as witness against him in violation of Article 38.11, Vernon's Ann. C.C.P., and in allowing the prosecution to comment in the jury argument at the guilt stage to the trial that he had not called his wife as witness.

Appellant's wife testified at the penalty stage of the trial but not at the guilt stage. Appellant's complaint goes to the interrogation of a police officer-witness who related that he was at the scene of the shooting about 2 a.m. when the appellant's wife came home and that he had a conversation with her. When the prosecutor asked if the witness had learned from that conversation that the appellant had talked to his wife on the telephone, the objection of appellant's counsel was sustained. Then the prosecution stated:

> "And, Your Honor, it is my understanding that we cannot call the wife to testify against her husband in the case?

> "THE COURT: That is correct." Subsequently, in jury argument, the prosecutor mentioned this limitation upon the State and the witness's testimony and added:

> " . . . The State can't call her to testify, the defendant can call her to testify in his behalf, and he did not, and the reasonable deduction ought to be clear and hit you right in the face as to that."

Appellant's prompt objection was sustained and the jury instructed to disregard for any purpose.

Later, without objection, the prosecution again commented on the failure of the appellant to call his wife.

■ Appellant recognizes that where the wife is a fact witness to the alleged offense or to a defense, then the State may comment on the failure of the accused to produce his wife as a witness. See Ferrell v. State, 429 S.W.2d 901 (Tex.Cr.App. 1968). He contends that since she testified at the hearing on punishment that she was not home at the time of the alleged offense and did not know what happened there, she was not a fact witness. The State argues that since the evidence reflected that the deceased had on several occasions "babysat" for the appellant and his wife that it is a reasonable deduction that the wife had

testimonial knowledge of previous relations between the parties. See Article 1257a, Vernon's Ann.P.C.

■ Be that as it may, we observe that it was entirely proper for the State to elicit from an investigating officer that the accused's wife arrived at the scene of the shooting and the fact that he had a conversation with her. The nature of the conversation was not revealed. While not all of the prosecutor's actions can be called commendable, we cannot say he created, as appellant claims, a "witness" for the purpose of evading the mandatory provisions of Article 38.11. Appellant's objection to the subsequent jury argument was sustained and the jury instructed to disregard. No further relief was requested. When, in closing, another prosecutor made a similar comment during jury argument, no objection was made. We cannot say that the error, if any, under the circumstances is such as to call for reversal.

Next, appellant complains that the "trial court erred in overruling appellant's objection to the admission of testimony as to hearsay statements and acts of others which were not res gestae and made and done outside the presence of appellant."

First, we are merely referred to certain page numbers in the record. An examination of these pages clearly reflects that the ground of error is multifarious and thus not in accordance with Article 40.09 § 9, Vernon's Ann.C.C.P. In one of the instances referred to, there was no objection at all and no error, if any, is preserved. In the other two instances, the objection was "immaterial and has no bearing on the case" and "inflammatory, prejudicial." If these general objections can be considered at all, see Russell v. State, 468 S.W.2d 373 (Tex.Cr.App.1971), they are not the objections now urged on appeal. Further, if the present objections had been advanced at the trial, we could not conclude that the court would have erred in overruling them.

■ Lastly, appellant challenges the sufficiency of the evidence to sustain the conviction. The ground of error is not briefed. No argument is advanced. Nothing is presented for review. See Article 40.09, supra.

Nevertheless, we note that the record reflects the alleged offense was reported to the Irving City Police by the appellant's stepson. The investigating officer found the 18-year old deceased with a bullet hole in his throat in the living room of appellant's home. The appellant was present, smelled of alcohol and admitted to a policeman at the scene he had shot the deceased. On cross examination, the police officer acknowledged the appellant had also stated it was an accident. Investigation revealed four spent cartridges, two bullet slugs, and a pistol in the area where the body was found.

The cartridge cases were shown "to fit" the pistol and the cause of death was established as a gunshot wound in the throat.

The State's evidence reflects that earlier on the evening in question the deceased and his girlfriend had gone to appellant's house and "baby-sat" with appellant's infant son together with his stepson and the stepson's date. Later the deceased took his girlfriend home and then returned so that the stepson could take his date home.

■ The four empty cartridge cases belie the defense of accident. There was no other evidence offered in justification or excuse.

Considering the evidence in the light most favorable to the jury's verdict, we deem it sufficient to support the conviction.

The judgment is affirmed.