**Robert Fentry FISHER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48712.**

Court of Criminal Appeals of Texas.

July 17, 1974.

John Cutler, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Vic Driscoll, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for assault with intent to murder. Punishment was assessed by the jury at three years.

It is undisputed that appellant shot his common-law wife's sister. Appellant relied on the defense of accident.

Appellant contends the court erred in permitting the prosecutor to comment in argument on appellant's failure to call his wife as a witness.

During the State's closing argument on guilt the prosecutor commented on appellant's failure to call his wife as a witness as follows:

"MR. DRISCOLL [Prosecutor]: And the reason she wasn't called is because it was not an accident. He knew her testimony would be damaging, as it would go to tell you what his state of mind was at that time and possibly what he—

"MR. CUTLER [Appellant's Counsel]: Judge, we object to him testifying as to what she would say. And that is

certainly not—it is too speculative. At this time we ask the Court instruct the jury not to consider it and further ask for a mistrial, Your Honor.

"THE COURT: Overruled."

Appellant contends that the statements of the prosecutor amounted to unsworn testimony of what appellant's wife would have said had she been called as a witness by appellant. This, appellant claims, goes beyond the permissible comment on the failure to call a material witness.

Appellant argues that unsworn statements by a prosecutor as to what a possible witness would have related are inadmissible hearsay.

Many cases support the State's right to comment in argument on the defendant's failure to call competent and material witnesses. E.g., Winkle v. State, Tex.Cr.App., 506 S.W.2d 891; Bolden v. State, Tex.Cr.App., 504 S.W.2d 418; Rodgers v. State, Tex.Cr.App., 486 S.W.2d 794; Simon v. State, Tex.Cr.App., 406 S.W.2d 460, cert. denied, 386 U.S. 968, 87 S.Ct. 1054, 18 L.Ed.2d 123 (1967). When the wife of the accused is a fact witness to the alleged offense as is true in the instant case, the State may comment on the failure of the defendant to call his wife as a witness. White v. State, Tex.Cr.App., 487 S.W.2d 104; Ferrell v. State, Tex.Cr.App., 429 S.W.2d 901; Wood v. State, Tex.Cr.App., 374 S.W.2d 896; Urteago v. State, 169 Tex.Cr.R. 160, 333 S.W.2d 133; Purifoy v. State, 163 Tex.Cr.R. 488, 293 S.W.2d 663. While the prosecutor may not relate his version of the missing witness' testimony,[1] it is not impermissible for the State's argument to include an inference that the absent testimony would have been both material and damaging. Simon v. State, supra.

In the instant case the prosecutor did not state what the witness' testimony would be. It was permissible for him to

1. Minter v. State, Tex.Cr.App., 505 S.W.2d 581; Simon v. State, supra.

conclude from the evidence that the shooting was not an accident.

Appellant's wife was on the scene at the time of the shooting. The State could not call her as a witness. Article 38.11, Vernon's Ann.C.C.P. It was logical for the prosecutor to infer that the reason for appellant's failure to call her was that her testimony would be material and damaging.

No error is shown.

Appellant contends the court erred in refusing to credit appellant's sentence with presentence jail time.

Appellant's initial sentencing in this cause was on April 5, 1973 (appellant was resentenced on April 11, 1973, to correct the minimum term imposed). Proof offered by way of a bill of exception reflects the following testimony of appellant:

"Q. And prior to trial have you been on bail bond for this case?

"A. For this case, I have, but—

"Q. When were you returned to jail?

"A. January the 18th.

"Q. Of what year?

"A. '72, 1972

" . . .

"Q. You have been in jail on this case and another case of murder. You have been in jail on all three of these cases since January, 1972?

"A. Yes. I have. I have been in jail since then."

The jail records reflect "date in" jail as January 26, 1972, but fails to show which of the offenses appellant was placed in jail for on this date.

A motion for personal bond filed August 28, 1972, appears in the record and recites that appellant "was previously on a personal bond in this case, but that this bond was removed when he was indicted in Cause Number 174,283 in this Honorable Court for the offense of murder." A docket sheet entry reflects such motion was denied on September 8, 1972. We find neither averment nor proof as to when appellant was placed in jail for the instant offense.

Appellant's sentence was pronounced prior to August 27, 1973, when the amendment to Article 42.03, V.A.C.C.P. became effective. Thus, the decision of this Court in Curlin v. State, Tex.Cr.App., 505 S. W.2d 889 is controlling. In *Curlin*, it was stated:

"Article 42.03, V.A.C.C.P. at the time of appellant's trial and sentencing [prior to August 27, 1963] gave the trial judge *complete discretion* in granting credit on a sentence for time spent in jail prior to sentencing. Therefore, appellant is not constitutionally entitled to credit for his jail time between the date of his arrest . . . and the date of sentencing. . . . Ex parte Freeman, 486 S.W.2d 556 (Tex.Cr.App.1972); Vessels v. State, 467 S.W.2d 259 (Tex. Cr.App.1971); Gremillion v. Henderson, 425 F.2d 1293 (5th Cir. 1970)." (Footnotes omitted; emphasis supplied.)

By way of supplemental brief filed with this Court, appellant contends that the statements of the court in denying jail time amounted to a "chilling" of appellant's right to appeal and that such denial was imposed to punish appellant more severely because he gave notice of appeal. Because of the constitutional question raised, the same will be considered in the interest of justice.

After appellant's initial sentencing, the following exchange occurred:

"THE COURT: You have a right of appeal. You understand your right of appeal.

"MR. CUTLER [Appellant's Counsel]: I say he has been in jail a number of months on this case, ever since his

case started. Isn't that when you went to jail?

"THE COURT: I will take that up with you later. You are talking about giving him credit with his time in jail?

"MR. CUTLER: Time he has spent in jail, yes, sir.

"THE COURT: I will talk to you about that later.

"MR. CUTLER: We want to except to the ruling of the Court and give notice of appeal to the Court of Criminal Appeals, Austin, Texas. We except to the sentence and judgment of the Court.

THE COURT: If so, time he has been in jail will be denied."

At a subsequent hearing on correcting appellant's sentence appellant's counsel again requested credit for presentencing jail time following the imposition of sentence. The court again denied credit and appellant gave notice of appeal.

When the request for credit for jail time was first made the court advised appellant's counsel that this matter would be taken up later. Immediately thereafter, appellant's counsel gave notice of appeal and the court said, "If so, time he has been in jail will be denied." The clear and unmistakable import of the court's statement is that appellant was being denied credit for time spent in jail because he elected to give notice of appeal.

The United States Supreme Court has held that penalizing the exercise of a statutory right to appeal is a violation of due process. States cannot put a "price" on an appeal—the exercise of the right of appeal must be "free and unfettered." North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

This Court followed the reasoning of *Pearce* in a recent decision reforming a trial court's imposition of a higher sentence when appeal was taken following the court's initial reduction of sentence. Col-

burn v. State, Tex.Cr.App., 501 S.W.2d 680. In *Colburn*, this Court said, " . . . the trial court could not increase the appellant's punishment because he desired to appeal from the Court order revoking probation." See Cleaveland v. State, Tex.Cr.App., 507 S.W.2d 769; Valdez v. State, Tex.Cr.App., 479 S.W.2d 927.

While sentence was pronounced in the instant case prior to the effective date (August 27, 1973) of the amendment to Article 42.03, V.A.C.C.P. (requiring that judges give defendants credit for time spent in jail prior to sentencing) and credit for jail time prior to sentencing was within the discretion of the trial judge, due process prohibited the exercise of such discretion by a trial judge in such a manner as to place a penalty upon the right to appeal.

Error relates only to the failure of the trial court to credit appellant with time spent in jail in this cause prior to sentencing. As heretofore noted, the record before us is in a state of confusion regarding such time. The judgment is affirmed with directions to the trial court to credit appellant with time spent in jail in *this cause* prior to sentencing.

Opinion approved by the Court.

DOUGLAS, Judge (dissenting).

The question presented in the instant case is whether the trial court employed his discretion in such a manner as to deter the appellant's exercise of his right of appeal. This is not a case in which the trial judge threatened a higher sentence if an appeal were taken. It is not a case in which a heavier penalty was substituted for the initial sentence after appeal was made. In the instant case the trial judge was authorized by Article 42.03, V.A.C.C.P., in effect at that time, to exercise his discretion in granting presentence jail credit at the time of sentencing. When jail time was first requested, the judge chose to delay exercising his discretion. Therefore, no credit for jail time had been

given at this juncture. Notice of appeal was then given. The denial of credit for jail time followed notice of appeal. The court took nothing away from appellant since credit had not been given prior to notice of appeal. While the court's statement gives rise to the inference that appellant's request for jail time may have been granted had notice of appeal not been given, such a statement does not amount to a "chilling" of appellant's right to appeal under the circumstances here presented.

The discretion under the statute was granted to the trial court, not this appellate court.