NO. 07-07-0332-CR


 07-07-0333-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 25, 2007


______________________________



ALBERT V. JESSEP, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 51,224-A, 51,225-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ORDER


 Appellant Albert V. Jessep filed notice of appeal on July 31, 2007, arising from his
challenge to the legal validity of the trial court's orders (1) placing him on community
supervision, pursuant to Code of Criminal Procedure article 11.072. Tex. Code Crim. Proc.
Ann. art. 11.072. (Vernon 2003).

 Article 11.072, added to the Code of Criminal Procedure in 2003, sets forth the
procedures for an application for a writ of habeas corpus in a felony or misdemeanor case
in which an applicant seeks relief from an order placing the applicant on community
supervision. A clerk's record has been filed, and reflects that appellant filed an application
for writ of habeas corpus in the trial court on April 2, 2007, and two amended applications,
the second on May 2, 2007. The State filed an answer to his original application. The
record, however, does not reflect a signed order entered by the trial court addressing
appellant's application.

 On September 24, 2007, the State filed a motion to abate this appeal, also
indicating that the trial court has not yet entered an order. 

 The statute provides, in section 6, time periods within which a trial court is to take
action on applications. The statute does not say, however, that a court's failure to enter
an order by a particular date constitutes denial of the application. See Tex. Code Crim.
Proc. Ann. art. 11.072, § 6, 7 (Vernon 2003). Section 8 of article 11.072 provides for
appeal by the applicant "[i]f the application is denied in whole or part . . . ." Because the
trial court has not denied appellant's application by written order, his notice of appeal is
premature. Tex. R. App. P. 27.1(b). (2) 

 Section 8 of article 11.072 refers to Rule 31 of the Rules of Appellate Procedure.
Accordingly, subject to the requirements of other applicable rules, the Court directs the trial
court clerk to prepare, certify and file with this Court's clerk a supplemental clerk's record
reflecting the trial court's disposition of appellant's application for writ of habeas corpus,
within ten (10) days of the date of the trial court's order. Tex. R. App. P. 31.1.

 It is so ordered.


 Per Curiam


Do not publish.


 
1. The orders were signed April 17, 2006, in trial court cause numbers 51224-A and
51225-A, both deferring appellant's adjudication for the offenses of possession of child
pornography and placing him on community supervision. Appellant appealed from the
orders. We dismissed his appeals on September 15, 2006, based on the trial court's
certifications under Rule of Appellate Procedure 25.2 that he had no right of appeal. 
Jessup v. State, 2006 WL 2660776 (Tex.App.-Amarillo 2006, pet. ref'd). 
2. Because we view appellant's notice of appeal as premature under these
circumstances, we consider it unnecessary to abate the appeal. Accordingly, we deny the
State's motion, while acknowledging that this order has much the same effect.



 UnhideWhenUsed="false" QFormat="true" Name="Subtitle"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00126-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



AUGUST
19, 2010

 



 

ARELL COLE, JR.,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

___________________________

 

FROM THE COUNTY COURT AT LAW OF McLENNAN
COUNTY;

 

NO. 20093647CR1; HONORABLE MIKE
FREEMAN, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

            Arell Cole, Jr. appeals his conviction for
driving while intoxicated and raises two issues.  He first claims that 1) the trial court erred
in ordering him to pay court-appointed attorneys fees when the record
contained no evidence that he was capable of doing so, and then posits that 2) it
abused its discretion in admitting hearsay testimony from two paramedics regarding
conversations they overheard between him and his wife.  We modify the judgment and affirm it as
modified.

            

Background

            Appellant
and his wife were involved in a one-car accident on July 11, 2009, at around 2:45
a.m.  Emergency personnel who arrived at
the scene believed that appellant was the driver of the vehicle based on
statements he made, the location in which they found him, the position of the
drivers seat, and other circumstantial evidence.  Two paramedics also overheard separate
conversations between appellant and his wife wherein they discussed who should
take responsibility for being the driver. 
Appellant was found to have a .20 blood alcohol concentration at the
time of the accident, and the only contested issue at trial was whether he had
been driving the vehicle.  

            Issue 1  Payment of Court-Appointed
Attorneys Fees

            In the judgment, the trial court
ordered appellant to pay all costs in this cause.  Also appearing on the same document is a
stamped notation after the trial judges signature stating:  It is ORDERED that all court appointed
attorney fees in this case shall be taxed as costs of court pursuant to Art.
26.05(f), Tx. Code of Criminal Procedure.[1]  When this notation was placed on the judgment
and by whom is unknown since neither a date nor initials appear next to
it.  Nevertheless, appellant contends
that the evidence is legally insufficient to support the directive.  We sustain the issue.

            If a court
determines that a defendant has the financial resources to offset, in whole or
part, the costs of legal services provided him, the trial court shall order him
to pay for those services to the extent that he can.  Tex.
Code Crim. Proc. Ann. art. 26.05(g) (Vernon Supp. 2009); see Sauceda v. State, 309 S.W.3d 767,
770 (Tex. App. Amarillo  2010, no pet.)
(addressing the matter).  Implicit
therein is the need for 1) the trial court to find that appellant is capable of
paying for some or all of that expense and 2) evidence supporting that
determination.

            Here, the
trial court did not specify a particular amount of fees that should be
repaid.  Nor did it find that appellant
had sufficient financial resources to pay any of the expenses at issue.  Instead, it twice (at trial and on appeal) appointed
legal counsel to represent appellant.  It
is elemental that before such appointments could have been made, appellant had
to have been deemed indigent, that is, without sufficient economic or financial
resources to pay for his own attorney.  Trammell v. State, 287 S.W.3d 336, 343
(Tex. App.Fort Worth 2009, no pet.) (explaining when a defendant is entitled
to appointed counsel).  More importantly,
appellant being found indigent for purposes of gaining appointed counsel hardly
establishes that he had sufficient financial resources to offset the expenses
incurred in providing him an attorney. 
The contrary seems rather logical, as the State seemed to recognize in
its brief.  So too is it true that once a
defendant is found indigent, he is presumed to remain so for the remainder of
the proceedings, unless there is some proof that his financial resources
materially changed.  Mayer v. State, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); Sauceda v. State, 309 S.W.3d at 770.  And, we have no such showing before us.

            As for the
States request to have the cause abated and remanded, it is rather settled
that when the evidence is held to be legally insufficient to support a finding,
the cause cannot be simply abated and remanded for additional factual development.  Mayer
v. State, 309 S.W.3d at 557.  Thus,
the State does not get another opportunity to bite at the attorneys fee apple,
especially when we are cited to nothing of record suggesting that it was
precluded from taking a first bite.   

Issue 2  Hearsay
Testimony

Next, appellant complains that the trial
court erred in admitting the testimony of two paramedics who testified about
overhearing appellant and his wife discuss who should admit to driving the
vehicle at the time of the accident. 
Appellant objected to the testimony on the grounds of hearsay.  We overrule the issue.     

            Hearsay is a statement, other than
one made by the declarant while testifying at trial, offered to prove the truth
of the matter asserted.  Tex. R. Evid. 801(d).  The statements at bar consisted of both
paramedics testifying that they overheard appellant state that he was driving
the vehicle after his wife suggested that all should be told that she was
driving.  While appellants utterance
could be considered hearsay, it can also be reasonably interpreted as a
statement against interest.  As such, it
can be admitted as an exception to the hearsay rule.  See id.
803(24) (stating that an exception to the hearsay rule is one which at the
time of its making was so far contrary to the declarants interest or so far
tended to subject him to criminal liability that a reasonable person would not
have made the statement unless believing it to be true).  

            As for
reiteration of the wifes portion of the conversation, it could be reasonably
interpreted as providing the context for appellants admission.  As such, it was not being offered to prove
the substance of what was being asserted, i.e.
that the wife drove the car.  See Stallings v. State, 476 S.W.2d 679,
681 (Tex. Crim. App. 1972) (stating that testimony from the complaining witness
as to a statement made by the defendants wife immediately prior to the crime
to the effect that the defendant was wanting to cut her throat was not hearsay
because it was made in the defendants presence and not offered to prove that
appellant had actually assaulted his wife).   Therefore, we cannot say the trial court
abused its discretion in admitting the testimony at issue.

            Accordingly,
we modify the judgment to delete that portion requiring appellant to pay
attorneys fees and affirm the remainder.

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

 

Do
not publish. 











[1]The
record does not indicate what portion of the court costs were represented by
attorneys fees.