NO. 07-10-00126-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 19, 2010

_____

ARELL COLE, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE COUNTY COURT AT LAW OF McLENNAN COUNTY;

NO. 20093647CR1; HONORABLE MIKE FREEMAN, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Arell Cole, Jr. appeals his conviction for driving while intoxicated and raises two issues. He first claims that 1) the trial court erred in ordering him to pay court-appointed attorney's fees when the record contained no evidence that he was capable of doing so, and then posits that 2) it abused its discretion in admitting hearsay testimony from two paramedics regarding conversations they overheard between him and his wife. We modify the judgment and affirm it as modified.

*Background*

Appellant and his wife were involved in a one-car accident on July 11, 2009, at around 2:45 a.m. Emergency personnel who arrived at the scene believed that appellant was the driver of the vehicle based on statements he made, the location in which they found him, the position of the driver's seat, and other circumstantial evidence. Two paramedics also overheard separate conversations between appellant and his wife wherein they discussed who should take responsibility for being the driver. Appellant was found to have a .20 blood alcohol concentration at the time of the accident, and the only contested issue at trial was whether he had been driving the vehicle.

*Issue 1 – Payment of Court-Appointed Attorney's Fees*

In the judgment, the trial court ordered appellant to pay "all costs in this cause." Also appearing on the same document is a stamped notation after the trial judge's signature stating: "It is ORDERED that all court appointed attorney fees in this case shall be taxed as costs of court pursuant to Art. 26.05(f), Tx. Code of Criminal Procedure."[1] When this notation was placed on the judgment and by whom is unknown since neither a date nor initials appear next to it. Nevertheless, appellant contends that the evidence is legally insufficient to support the directive. We sustain the issue.

If a court determines that a defendant has the financial resources to offset, in whole or part, the costs of legal services provided him, the trial court shall order him to pay for those services to the extent that he can. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Vernon Supp. 2009); *see Sauceda v. State,* 309 S.W.3d 767, 770 (Tex. App.

---

[1]The record does not indicate what portion of the court costs were represented by attorney's fees.

2

–Amarillo 2010, no pet.) (addressing the matter). Implicit therein is the need for 1) the trial court to find that appellant is capable of paying for some or all of that expense and 2) evidence supporting that determination.

Here, the trial court did not specify a particular amount of fees that should be repaid. Nor did it find that appellant had sufficient financial resources to pay any of the expenses at issue. Instead, it twice (at trial and on appeal) appointed legal counsel to represent appellant. It is elemental that before such appointments could have been made, appellant had to have been deemed indigent, that is, without sufficient economic or financial resources to pay for his own attorney. *Trammell v. State,* 287 S.W.3d 336, 343 (Tex. App.–Fort Worth 2009, no pet.) (explaining when a defendant is entitled to appointed counsel). More importantly, appellant being found indigent for purposes of gaining appointed counsel hardly establishes that he had sufficient financial resources to offset the expenses incurred in providing him an attorney. The contrary seems rather logical, as the State seemed to recognize in its brief. So too is it true that once a defendant is found indigent, he is presumed to remain so for the remainder of the proceedings, unless there is some proof that his financial resources materially changed. *Mayer v. State,* 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Sauceda v. State,* 309 S.W.3d at 770. And, we have no such showing before us.

As for the State's request to have the cause abated and remanded, it is rather settled that when the evidence is held to be legally insufficient to support a finding, the cause cannot be simply abated and remanded for additional factual development. *Mayer v. State*, 309 S.W.3d at 557. Thus, the State does not get another opportunity to

3

bite at the attorney's fee apple, especially when we are cited to nothing of record suggesting that it was precluded from taking a first bite.

*Issue 2 – Hearsay Testimony*

Next, appellant complains that the trial court erred in admitting the testimony of two paramedics who testified about overhearing appellant and his wife discuss who should admit to driving the vehicle at the time of the accident. Appellant objected to the testimony on the grounds of hearsay. We overrule the issue.

Hearsay is a statement, other than one made by the declarant while testifying at trial, offered to prove the truth of the matter asserted. TEX. R. EVID. 801(d). The statements at bar consisted of both paramedics testifying that they overheard appellant state that he was driving the vehicle after his wife suggested that all should be told that she was driving. While appellant's utterance could be considered hearsay, it can also be reasonably interpreted as a statement against interest. As such, it can be admitted as an exception to the hearsay rule. *See id.* 803(24) (stating that an exception to the hearsay rule is one which at the time of its making was so far contrary to the declarant's interest or so far tended to subject him to criminal liability that a reasonable person would not have made the statement unless believing it to be true).

As for reiteration of the wife's portion of the conversation, it could be reasonably interpreted as providing the context for appellant's admission. As such, it was not being offered to prove the substance of what was being asserted, *i.e.* that the wife drove the car. *See Stallings v. State,* 476 S.W.2d 679, 681 (Tex. Crim. App. 1972) (stating that testimony from the complaining witness as to a statement made by the defendant's wife immediately prior to the crime to the effect that the defendant was wanting to cut her

4

throat was not hearsay because it was made in the defendant's presence and not offered to prove that appellant had actually assaulted his wife).   Therefore, we cannot say the trial court abused its discretion in admitting the testimony at issue.

Accordingly, we modify the judgment to delete that portion requiring appellant to pay attorney's fees and affirm the remainder.


       Brian Quinn
       Chief Justice

Do not publish.