William Leon BRIDGES, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–81–017–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 29, 1981.

Discretionary Review Refused
Jan. 27, 1982.

Ken J. McLean, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

PAUL PRESSLER, Justice.

Appellant was found guilty of possession of a controlled substance, namely heroin. The jury assessed punishment at twenty years.

By his first and second grounds of error, appellant complains of the following closing remarks of the prosecutor: "In connection with the defendant stating that he didn't have any heroin. I submit this to you: 'What else is he going to say? What else can he say?'" Appellant relies on art. 38.08 Tex.Code Crim.Pro.Ann. (Vernon 1979) which prohibits counsel's alluding to or commenting on the failure of the defendant to testify. This statute is not applicable here. The appellant testified at the

trial as the only defense witness. When a defendant takes the stand as a witness, he waives his right to silence and is subject to the same rules as any other witness is. *Simpkins v. State*, 590 S.W.2d 129 (Tex.Cr. App.1979); *Greer v. State*, 523 S.W.2d 687 (Tex.Cr.App.1975).

Appellant's testimony was obviously in conflict with the evidence which had been introduced by the state. Thus here, it is not error for the prosecutor to argue that the accused was not telling the truth. No different rule should apply for discussion of the appellant's testimony than that of other witnesses. There will be no reversible error unless, in light of the record as a whole, the language complained of is manifestly improper, harmful, and prejudicial. *Simpkins v. State, supra.* Here there was nothing to require reversal.

The third ground of error further complains of the prosecutor's closing remarks. At the scene of the arrest were other individuals besides the appellant. In closing argument the prosecutor alluded to the fact that none of these witnesses were brought in to testify on behalf of the appellant. Specifically, the prosecutor argued: "You are not going to hear Mr. Burkes come in here and say Mr. Bridges didn't have any drugs on him. You are not going to hear Mr. Burkes get on the stand and commit aggravated perjury."

The general rule is that the State may comment on the failure of the defendant to call a competent and material witness and may also argue that the reason for such failure is that any such testimony would be unfavorable to his defense. *Fisher v. State*, 511 S.W.2d 506 (Tex.Cr.App. 1974); *Carrillo v. State*, 566 S.W.2d 902 (Tex.Cr.App.1978). Appellant made no effort to show that Mr. Burkes was incompetent to testify or, by exercise of due diligence, could not have been secured as a witness. *Rodgers v. State*, 486 S.W.2d 794 (Tex.Cr.App.1972). As a fact witness to the alleged offense, the State was entitled to comment on the defendant's failure to call this witness. A jury argument must be manifestly improper, or inject new and harmful facts to be reversible. *Simpkins v. State, supra; Minter v. State*, 505 S.W.2d 581 (Tex.Cr.App.1974). Appellant has not shown that he was unduly prejudiced by the argument and no new facts were introduced. This statement did not constitute reversible error.

The fourth and fifth grounds of error complain of the court's charge. Appellant's argument under each of these points merely consists of conclusory statements that error was committed. He does not elaborate on these claims and cites no authority. Nothing is here presented for our review because of lack of compliance with the requirements of art. 40.09 § 9 Tex.Code Crim.Pro.Ann. (Vernon 1979); *See Frazier v. State*, 480 S.W.2d 375 (Tex.Cr.App.1972).

All grounds of error are overruled. There being no reversible error, the judgment is affirmed.