**M. C. OLIVER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–81–543–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 11, 1982.

Roy W. Smith, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

This appeal is brought from a conviction for aggravated robbery. A jury found appellant guilty and assessed punishment at sixty-five (65) years imprisonment in the Texas Department of Corrections. Appellant timely filed his notice of appeal and now raises three grounds of error. We find no error in the judgment below and therefore affirm.

Appellant's first ground of error necessitates a short review of the facts of the case. According to the State, on December 22, 1980, appellant and another man entered a Texaco service station armed with pistols. Appellant hit the clerk with his pistol and demanded he give him the money in the cash register. Appellant and the other man then ran out of the service station with the money, each of them firing back at the clerk. Houston Graves, a passer-by, gave chase with a shotgun and restrained appellant until the police arrived.

Appellant disagrees with this version of the facts. He testified he was in the service station as a customer when a lone gunman committed the robbery. Appellant claimed he followed the gunman out of the store to see which direction he went. According to appellant's testimony, he picked up a dropped pistol and decided to give chase. Appellant testified he did not give chase out of an altrustic sense of good citizenship, but because of a reward offered through the "Crime Stoppers" program. It was while he was chasing the gunman that appellant was stopped by Houston Graves.

Appellant's first ground of error concerns the trial court's overruling his motion for new trial and objections to the prosecution's comments during closing argument. Appellant claims during the arguments to the jury the prosecuting attorney was twice allowed to enter unsworn testimony over appellant's timely objections. In his first statement, the prosecutor commented on appellant's account of the robbery and his claim of running from the Texaco station with a pistol so as to gain a reward. The prosecutor argued:

Then he runs you out and says this about the Crime Stoppers (sic). I want you to think about that for a minute. When did that start, January, 1981? When did this (robbery) take place? December 22, 1980.

Counsel for appellant objected to the argument as unsworn testimony outside the record. The court then responded as follows:

The jury heard the evidence. They will base their verdict on the evidence they heard.

The second statement appellant asserts amounts to error occurred during closing arguments on the punishment stage. Arguing before the jury, the prosecutor stated:

Now he said I was going to get up here and say it's the worst (robbery) I've ever seen. Well, ladies and gentlemen, in this case—I've never done that, as a matter of fact—but in this case it is the worst aggravated robbery I have ever seen.

Counsel for appellant again objected and the court directed the prosecutor to stay within the record. Appellant requested and received an instruction to disregard, but his motion for a mistrial was overruled.

■ It is clear the prosecutor's statements were outside the record and prejudicial to appellant. A prosecutor in a criminal trial is a public official representing the people of the State of Texas. By virtue of this office, he is often placed in a position of high esteem by jurors who are likely to give undue weight to his opinion of the evidence. *U. S. v. Herberman*, 583 F.2d 222 (5th Cir. 1978). A prosecutor, therefore, cannot use a closing argument to get evidence which is outside the record and prejudicial to an accused before a jury. *Jackson v. State*, 529 S.W.2d 544 (Tex.Cr.App.1975).

■ While the state's arguments were clearly improper, the court's instructions to the jury to disregard the statements rendered any error harmless. *Hughes v. State*, 563 S.W.2d 581 (Tex.Cr.App.1978); *Hicks v. State*, 545 S.W.2d 805 (Tex.Cr.App.1977). We read the court's response sustaining appellant's first objection as an instruction to the jury to disregard the statement and base their verdict on the evidence presented at trial. Appellant noted his exception but did not request an instruction or ask for a mistrial. We therefore see the court's instruction as sufficient. *Hughes, supra.* In the second situation, appellant received his requested instruction to disregard after his

objection was sustained. Therefore, the court's instructions cured any error.

■ In addition, for reversible error to exist in such statements, the argument must either be extreme or manifestly improper or inject new and harmful facts into the case. *Kerns v. State*, 550 S.W.2d 91 (Tex.Cr.App.1977); *Thomas v. State*, 519 S.W.2d 430 (Tex.Cr.App.1975). The prosecution's statements, while improper, were not so extreme or improper as to cause harm to appellant. Evidence of appellant's guilt was overwhelming and the severity of the offense was well established by the testimony. We therefore see the errors as harmless even if they were not cured by the instructions to disregard.

■ Through his second ground of error appellant asserts the trial court erred in submitting to the jury a theory of proof not found in the indictment. Appellant claims the indictment and the charge are in conflict because the indictment states the complainant was placed in fear of imminent bodily injury *and* death, while the charge provides the complainant was placed in fear of imminent bodily injury *or* death. Because of this conflict in wording appellant maintains the jury had four possible ways of finding him guilty when only one theory was presented in the indictment. This ground of error is without merit. A conjunctive—disjunctive system of pleading has been sanctioned by the Court of Criminal Appeals, and there is no error in such a situation. *Robinson v. State*, 596 S.W.2d 130, 134 (Tex.Cr.App.1980).

■ In his final ground of error appellant claims the trial court erred in overruling his objection to a state's witness' bolstering of unimpeached testimony as to the identification of appellant. During the course of trial the arresting police officer, J. E. Roman, was called to testify. Officer Roman related how he came upon the scene and observed Houston Graves holding a shotgun on appellant. At that point, the prosecutor asked Officer Roman:

Q: Did he (Houston Graves) point out anything to you?

A: Yes, he did. He pointed out, you know, he told us who the suspect was, what he saw. And at that time we put the suspect in custody and . . .

Appellant's counsel objected to this testimony as bolstering the identification of appellant when such was never in question. We disagree. This was not a situation involving bolstering, but was merely testimony of what the officer saw and how he came in custody of the defendant. This ground of error is completely without merit. The court was correct in overruling appellant's objection. This ground is overruled.

As all grounds of error have been overruled, the judgment of the trial court is affirmed.