Samuel KELLEY, Appellant,

v.

The STATE of Texas, State.

No. 2–81–073–CR.

Court of Appeals of Texas, Fort Worth.

March 31, 1982.

Robert C. Roe, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Tom Myers, Asst. Dist. Atty., Fort Worth, for the State.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

HUGHES, Justice.

Samuel Kelley here appeals his conviction for murder. The jury found him guilty and assessed his punishment at five years confinement in the Texas Department of Corrections.

We affirm.

Appellant shot Jessie B. Dodson, deceased, as alleged in the indictment—of this fact there is no question. The shooting occurred at the home of Glenda Lewis where and with whom appellant was eating fried chicken when Dodson appeared on the scene. (Mrs. Ella Dodson testified that she had lived with appellant for five years, but had lived the last four years with Dodson). After Dodson arrived, appellant left the porch and went out to lean against a parked truck. Deceased went to where appellant was standing. There were 4 or 5 other people in the yard with them.

Mrs. Lewis said that Dodson was looking "wild". "His eyes were bugging, and he was just trying—I would say he was trying to bother Sam." A question from Mr. Harris: "He was trying to bother Sam?", to which Mrs. Lewis answered:

"You know, just harassing. He wasn't physically hitting him or nothing like that. He was just walking around in the front yard and making gestures with his hands, looking, and bugging his eyes, and things like that. Like I say, you would have to know him and be around him to know what type of person he was. I just can't fully describe him."

Dodson, after a few minutes in the yard, went to his vehicle. Appellant went to his vehicle. According to Mrs. Lewis, appellant drove up, turned his automobile around and drove back by the Lewis place where Mrs. Lewis asked him if he was "fixing to go." He answered in the affirmative and Mrs. Lewis had a conversation with him which was interrupted by the deceased calling to appellant and approaching appellant's car.

Appellant testified: that the deceased came toward him with a short, closed knife slightly protruding from his hand; that he then placed his hands on the automobile and cursed him, and threatened to cut him; then, when the deceased reached down as if to open the knife, appellant shot him four times with his pistol. Neither Mr. Lewis, who was in an automobile behind appellant's, nor Mrs. Lewis saw a knife. The police investigators did not find a knife in the area of deceased's body. Mrs. Lewis testified to hearing appellant tell deceased; "You're a Mother Fucker, too", just before he shot him.

D. R. Hoffman, the first policeman to arrive at the scene, testified that, on seeing the body of the deceased, he asked the crowd what happened. Appellant answered, "I shot the man." After being searched, the pistol was found on appellant's person. After the police read him his rights, appellant told them that he shot deceased because he was picking on him.

In his first ground of error, appellant avers that trial court reversibly erred in allowing the policeman to testify to appellant's statement, after his rights were read to him, that he shot deceased because he was "picking on him". Appellant says that such statement is not res gestae. Appellant says: 1. The statement was in answer to a question from a peace officer; 2. Testimony of officer was that appellant was not excited, but calm and; 3. No showing that it was "res gestae" of the arrest.

When the "picking on him" statement was elicited out of the jury's presence, appellant objected on the grounds that it "would not comply with the law concerning confessions in this State". When it was elicited on State's rebuttal appellant objected because "it does not comply with the oral confession laws of the State of Texas".

The objection was too general to preserve error. *Cowan v. State*, 562 S.W.2d 236 (Tex.Cr.App.1978). Appellant volunteered more than he was asked. The policeman asked him what had happened. Appellant repeated an admission that he shot the deceased and gratuitously added that it was because he was picking on him. We hold this to have been *res gestae* of the arrest. *Miles v. State*, 488 S.W.2d 790 (Tex.Cr.App. 1973). We agree with the State that the requirements of *res gestae* were met. *Smith v. State*, 514 S.W.2d 749 (Tex.Cr.App. 1974). We overrule Ground of Error One.

In Ground of Error Two appellant claims trial court erred in "not allowing Appellant to put on testimony before the jury as to how Appellant had been shot five times six years before this offense took place, as the testimony would show Appellant's state of mind at the time the deceased was shot."

Other testimony was adduced about appellant's bad leg and his incapacity therefrom for self-defense or retreat. Also the appellant testified about his being shot by a customer in a pool hall he was running, all of which would make the offered testimony cumulative. If such testimony would show appellant's state of mind, it was already before the jury in other places. In any event, no objection was ever made to exclusion of the evidence after the trial court ruled. Appellant's failure to object operated to waive the error if any. We overrule Ground of Error Two.

We affirm.