Knox EPPERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 12-81-0003-CR.

Court of Appeals of Texas, Tyler.

Jan. 20, 1983.

Ron Adkison, Wellborn, Houston, Perry & Adkison, Henderson, for appellant.

Donald R. Ross, Dist. Atty., Henderson, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a conviction of the offense of attempted murder after a plea of not guilty. Punishment assessed by the jury was three and one-half years confinement in the Texas Department of Corrections.

We affirm.

Appellant asserts in his first ground of error that the trial court erred by refusing to require the State to produce a copy of the offense report of the Henderson Police Department, after an investigating officer testified and a request for such document was made. Appellant claims that he was entitled to a copy of the offense report under either of three alternatives: the "Gaskin Rule," the "use before the jury" rule, or under due process grounds as provided by the Constitution.

■ The "Gaskin Rule" provides that where a State's witness has made a report or has given a statement prior to testifying, the defendant, after a timely request, is entitled to inspect and use such prior available report or statement for cross-examination and impeachment purposes, even though the witness may not have used the instrument to refresh his memory. *Gaskin v. State,* 172 Tex.Cr.R. 7, 353 S.W.2d 467 (1962); *Mendoza v. State,* 552 S.W.2d 444 (Tex.Cr.App.1977); *Lewis v. State,* 481 S.W.2d 804 (Tex.Cr.App.1972); *Zanders v. State,* 480 S.W.2d 708 (Tex.Cr.App.1972). If a defendant invokes the "Gaskin Rule," it is error for the trial judge to fail to require production of the statement or report. However, harmfulness of the error is determined by considering whether the accused was thereby denied effective cross-examination or possible impeachment of the witness. *Mendoza, supra,* 552 S.W.2d at 447; *Rose v. State,* 427 S.W.2d 609, 612 (Tex.Cr. App.1968) (Concurring Opinion).

The courts in decisions subsequent to *Gaskin* have made the application of the rule dependent on certain conditions. For example the testifying witness must have personally made the statement. *Artell v. State,* 372 S.W.2d 944 (Tex.Cr.App.1963); also see *Vaughn v. State,* 634 S.W.2d 310 (Tex.Cr.App.1982); *Kemner v. State,* 589 S.W.2d 403 (Tex.Cr.App.1979); *Mendoza v. State, supra* 552 S.W.2d at 448. Additionally, the accused must make an effort to properly incorporate in the appellate record the statement or report he claimed he was deprived of. *Mendoza v. State, supra* at 448; *Gilbreath v. State,* 500 S.W.2d 527 (Tex.Cr.App.1973); *Lewis v. State, supra; Leal v. State,* 442 S.W.2d 736 (Tex.Cr.App. 1969).

The record in the instant case reveals that the first *Gaskin* requirement has not been satisfied. Although Officer Charvis testified he gave *input* and read the report made out by Officer Ritter just after it was written, it was not actually made by Officer Charvis. The second requirement was met by the offense report being sealed and made a part of the appellate record. Even if Officer Charvis's *input* can be argued to allow the officer's report to be considered his, thus making the "Gaskin Rule" applicable, such error, if any, is harmless. An examination of the offense report which was brought forward on appeal sealed, reveals that it is substantially consistent with Officer Charvis's testimony and almost all of the information in the statement was developed during the trial. *Ogle v. State,* 548 S.W.2d 360 (Tex.Cr.App.1975); *Howard v. State,* 505 S.W.2d 306, 309 (Tex. Cr.App.1974); *Lewis v. State, supra; Rose v. State, supra.*

Alternatively, appellant asserts that the "use before the jury" rule entitles him to access to the officer's report. Under this rule, a defendant is entitled to inspect, upon timely request, any document, any instrument or statement which has been used by the State before the jury in such a way that its contents become an issue. The trial court's failure to permit or compel such inspection is reversible error, and a showing of harm resulting from the error is not required. *Sewell v. State,* 367 S.W.2d 349 (Tex.Cr.App.1963); also see *Mendoza v. State, supra* 552 S.W.2d at 448; *White v. State,* 478 S.W.2d 506 (Tex.Cr.App.1972).

Like the "Gaskin Rule," this rule is not applicable unless certain conditions are met. First, the rule is applicable only through the State's use of the document or statement at trial. *Mendoza v. State, supra; Haywood v. State,* 507 S.W.2d 756 (Tex.Cr.App.1974). Second, there must be use of the instrument or statement before the jury in such a way that its contents become an issue. *Kemner v. State, supra* 589 S.W.2d at 408; *Mendoza, supra; Howard v. State, supra.* The courts have held that there was no "use before the

jury" where a State's witness failed to testify from a report, nor was any indication made to the jury that the document was being used as the basis for the examination. The record does not reflect that Officer Charvis was testifying from the report or that he used the Officer's report written by Ritter to refresh his memory or that the report was used before the jury for any other purpose so as to bring its contents into issue. In the instant case the testifying Officer did not have his attention directed to the document in question, nor was it exhibited or read aloud to the witnesses, nor was any reference made to indicate to the jury that such document was being used as the basis for the interrogation. *Carraway v. State,* 507 S.W.2d 761 (Tex.Cr.App. 1974); *White v. State,* 478 S.W.2d 506, 513 (Tex.Cr.App.1972). Compare the analysis and result in *Hoffpauir v. State,* 596 S.W.2d 139 (Tex.Cr.App.1980). Accordingly, we hold that the "use before the jury" rule did not apply.

Finally, appellant argues that the failure of the court to provide the officer's report constituted a denial of due process, relying on the "Brady Rule" for this contention. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1962). The United States Supreme Court in *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) held that the standard to apply to determine if a Brady request has been properly complied with is "materiality." The court further held that there is no duty to provide defense counsel with everything known to the prosecutor and that no constitutional violation results unless defendant has been denied a fair trial. We see no such violation in the instant case. Appellant's first ground of error is overruled.

Appellant in his second ground of error contends that the trial court erred in allowing Calvin Smith to testify, since the witness was incompetent to testify under Article 38.06 of the Texas Code of Criminal

Procedure.[1] It is well settled that the ruling of a trial court on the issue of competency will not be disturbed absent a showing of abuse of discretion. *Watson v. State,* 596 S.W.2d 867, 871 (Tex.Cr.App.1980); *Martini v. State,* 629 S.W.2d 253 (Tex.App. —Corpus Christi 1982, no P.D.R.). A reviewing court must examine the entire record to determine whether an abuse of discretion has taken place. *Martini, supra; Villarreal v. State,* 576 S.W.2d 51, 57 (Tex. Cr.App.1978), cert. denied, 444 U.S. 885, 100 S.Ct. 176, 62 L.Ed.2d 114 (1979). The record reflects that the trial court conducted a brief examination of the twelve year old child and such reveals no abuse of discretion in the trial court's determination. *Garcia v. State,* 573 S.W.2d 12 (Tex.Cr.App.1978). Further, the minor's testimony is consistent with the events about which he was questioned and the testimony of other witnesses. Having so found, appellant's second ground of error is overruled.

In appellant's third ground of error, he contends that the trial court erred in allowing the policeman, Charvis, to testify as to oral statements of the accused made while the accused was under arrest. Appellant argues that a custodial arrest was made and that the investigation had focused on the defendant when defendant made the oral statement. Officer Clyde Charvis testified that on September 11, 1980, he and his partner were dispatched by radio to 513 Robertson Blvd. in Henderson. He testified that the only information that was available to them when they arrived at that location was that there had been an argument between two men and one of them had a gun. Charvis testified that he approached appellant at the scene to try to ascertain the nature of the call, and before he could say anything or ask appellant anything and before any arrest, appellant remarked:

"Here is the gun, I shot him," and "I am tired of these mother fuckers fucking with me, and if I have to I will do it again."

Charvis further testified that in the course of his remarks appellant took a gun from behind his back and gave it to Officer Charvis.

▇▇▇ Appellant's statements were clearly res gestae statements. Appellant complains that to allow their introduction is in violation of the requirements of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, the rights afforded by *Miranda* only apply to custodial interrogation. *Davis v. State,* 516 S.W.2d 157, 162 (Tex.Cr.App.1974). At the time appellant made his oral statements he was not in custody and no interrogation had been made. Appellant Epperson's oral statement falls within the ambit of Article 38.22, § 5, Vernon's Ann. C.C.P. In determining whether certain statements are admissible as res gestae, each case must be considered on its own merits. *Patterson v. State,* 458 S.W.2d 658 (Tex.Cr.App.1970); *Lewis v. State,* 630 S.W.2d 285, 287 (Tex. App.—Houston [14th Dist.] 1981, no P.D.R.). The Court of Criminal Appeals has given a broad interpretation as to what constitutes a res gestae statement. The record reflects that appellant's voluntary statements were made without any interrogation and the statement was properly admitted. *Miles v. State,* 488 S.W.2d 790 (Tex.Cr.App.1973); *Kelley v. State,* 631 S.W.2d 235, 237 (Tex. App.—Fort Worth 1982, no P.D.R.); *Lewis, supra.* Appellant's third ground of error is overruled.

▇▇▇ Appellant in his fourth ground of error contends that the argument of State's counsel on the failure of the defendant's wife to testify constituted unsworn testimony and was wholly outside the record.[2] Appellant has cited no case in behalf

1. Tex.Code Crim.Proc.Ann. Article 38.06 (Vernon 1979) provides:

   All persons are competent to testify in criminal cases except the following: ... (2) Children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with

   respect to which they are interrogated, or who do not understand the obligation of an oath.

2. The following remarks were made by the prosecutor in closing argument:

   MR. ROSS: ... I will tell you what, the number one mystery in this case, the number

of his argument on this ground of error. The State generally cannot require one spouse to testify against the other in a criminal trial. Article 38.11, V.A.C.C.P. However, the State may comment on the failure of the defendant to call a competent and material witness and may also argue that the reason for such failure is that any such testimony would be unfavorable to his defense. *Carrillo v. State,* 566 S.W.2d 902 (Tex.Cr.App.1978); *Fisher v. State,* 511 S.W.2d 506 (Tex.Cr.App.1974); *Bridges v. State,* 624 S.W.2d 718 (Tex.App.—Houston [14th Dist.] 1981, discretionary rev. ref'd 1982). Where the defendant's spouse is a fact witness to the incident in question and the defendant fails to call the spouse as a witness, the State may call this fact to the jury's attention. *Boles v. State,* 598 S.W.2d 274 (Tex.Cr.App.1980); *Fisher, supra.* We reject appellant's contention that the comments made by the prosecutor were unduly prejudicial. Moreover, in our review of the prosecutor's comments we are guided by *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App.1973) which sets the parameters of legitimate jury argument. A proper jury argument needs to be within the areas of (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to opposing counsel; or (4) plea for law enforcement. A jury argument must be manifestly improper, or inject new and harmful facts to be reversible. *Simpkins v. State,* 590 S.W.2d 129 (Tex.Cr.App.1979);

*Bridges, supra,* 624 S.W.2d at 719. The statements made by the prosecutor did not constitute reversible error. Appellant's fourth ground is overruled.

■ In his fifth ground of error appellant asserts that the action of the court in directly overruling the defense objection that the argument was contrary to the facts constitutes an impermissible comment on the weight of the evidence by the court. The record reflects that the court merely overruled defendant's objection about the prosecutor's argument without further comment. In fact, the courts have made lengthier statements or instructions and such have been held to not be a comment on the weight of the evidence. *Stewart v. State,* 587 S.W.2d 148 (Tex.Cr.App.1979). Appellant relies on *Thomas v. State,* 519 S.W.2d 430 (Tex.Cr.App.1975) for the position that error occurred by the court's comment on the weight of the evidence. That case is distinguishable in that the argument was deemed improper because there was no evidence to support the assertion made by the prosecutor and such argument went outside the record. However, in *Thomas, supra,* the court was mindful of the fact that the prosecutor may call attention to the defendant's failure to call witnesses on his behalf, *and* may argue that the reason for such failure is that any such testimony would be unfavorable to the defense. Also see, *Fisher, supra.*

one mystery and this shows who is hiding things is why Brenda Epperson didn't get on this witness stand—

MR. ADKINSON: Your Honor I object to that, she is his spouse, she is protected by immunity, to call her to the witness stand is error, and it is error to make that argument.

THE COURT: I will overrule that objection.

MR. ADKINSON: Note our exception.

MR. ROSS: She is protected by immunity because the State couldn't call her as a spouse to the witness stand but he was certainly free to put her there and you heard from his own testimony that she was in the dining room at the time the shooting started. She was a witness to this thing and why didn't she get on this stand and tell you about it. You talk about hiding things, that is the height of hiding things. What were they afraid she would say.

MR. ADKISON: Your Honor I object to that, Mrs. Epperson signed a statement, that's in evidence.

THE COURT: What was the basis of your objection?

MR. ADKISON: I object to it your Honor it's outside the record, it's contrary to the facts, she signed a statement, that is in evidence.

THE COURT: I will overrule that objection.

MR. ROSS: What were they afraid she would tell you. Why didn't they put her on. If this defendant was telling you the truth about what happened, why didn't she get up there and back him up about it. I submit to you that it is a reasonable deduction that she couldn't truthfully do that and that's why she couldn't get on the witness stand. . . .

In reviewing appellant's fourth and fifth grounds, we are mindful that for reversible error to exist in such statements the argument must be either extreme or manifestly improper or inject new and harmful facts into the case. *Kerns v. State,* 550 S.W.2d 91 (Tex.Cr.App.1977); *Thomas v. State, supra; Oliver v. State,* 629 S.W.2d 847 (Tex. App.—Houston [14th Dist.] 1982, no P.D.R.). Even if the prosecutor's statements were improper, they were not so extreme as to cause harm to appellant. Finding the prosecutor's statements to be proper it was not incumbent upon the judge to rule by instruction to disregard and his overruling objection was proper. Appellant's fifth ground of error is overruled.

In appellant's sixth ground of error he contends that the cumulative effect of all errors committed in the trial deprived the accused of a fair trial. Appellant cites no cases under this ground of error and makes no argument showing it mandates reversal. No error being made, or only harmless error, if any, being committed, appellant's sixth ground of error is overruled.

The judgment of the trial court is affirmed.

COLLEY, J., not participating.