**Johnny Calvin BAILEY, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–81–313CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 10, 1983.

Ron Hayes, Houston, for appellant.

Ray Elvin Speece, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

Appeal is taken from a conviction for felony theft. The jury found Johnny Calvin Bailey (Bailey or appellant) guilty as charged in the indictment. Punishment was enhanced under Tex.Penal Code Ann. § 12.42(d) (Vernon 1974) and was assessed by the court at life imprisonment. Bailey challenges the validity of the indictments in the case at bar and in the two prior felony convictions used to enhance punishment; he further charges the trial court admitted improper opinion testimony and allowed the state, on closing argument, to mention matters not in evidence. We affirm.

About closing time on October 2, 1980, Charles Brittle (Brittle) saw the appellant

take a shirt and a pair of pants from the sportswear department at Joske's Department Store, Gulfgate Shopping Center, Houston, Harris County, Texas, and place them under his left arm. Brittle was loss prevention manager for Joske's Gulfgate store. When told by Brittle that the store was closing, appellant, without having paid for the pants and shirt, went to the exit and opened the door. As he was about to leave the store, he was stopped by Brittle and detained for questioning. He was subsequently charged with and convicted of theft.

In his first ground of error, appellant contends the trial court erred in denying his motion to quash the indictment. He argues the two prior felony convictions used to enhance punishment were void because the indictments in those cases failed to allege that the property was taken "without the *effective* consent" of the owner; he further argues a plea of guilty was entered in both cases, and that no jury waiver was signed by him in either case.

The convictions used to enhance punishment were a 1955 conviction for burglary and a 1960 conviction for burglary. In both cases, the indictments alleged the appellant entered a habitation and attempted to take property without the "consent" of the owner. In 1974, the burglary and theft statutes were amended to include the concept of "*effective* consent." Tex.Penal Code Ann. §§ 30.02, 31.03 (Vernon 1974). Prior to 1974, the offenses of burglary and theft required only that the entry or the taking be without the owner's consent. *See* Tex.Penal Code Ann. arts. 1392, 1410 (1925). An allegation that the entry or taking was done without the "effective consent" of the owner was not required prior to 1974; therefore, the 1955 and 1960 felony convictions were valid and were properly used to enhance punishment. Further, prior to 1965 a defendant was not required to sign a jury waiver on entering a plea of guilty in a non-capital case. *See* Tex.Code Crim.Pro. Ann. arts. 10a, 12 (1929). The record reflects the appellant entered pleas of guilty in both the 1955 and 1960 cases and that

jury trial was waived in both cases. While it is true the appellant himself did not sign the jury waivers in those cases, the record reflects the waivers were signed by the prosecutor and were approved by counsel for appellant. Appellant's first ground of error is therefore overruled.

In his second ground of error, appellant contends the trial court improperly allowed the prosecutor, in his closing argument, to mention matters which were outside the record and unsupported by the evidence.

A prosecutor cannot use closing argument to get before a jury evidence which is outside the record and prejudicial to an accused. *Jackson v. State*, 529 S.W.2d 544 (Tex.Cr.App.1975); *Oliver v. State*, 629 S.W.2d 847 (Tex.App.—Houston [14th Dist.] 1982, no pet.). In his closing arguments, the prosecutor told the jury that Brittle testified the values of the pants and shirt were, respectively, $25.00 and $15.00. At trial, Brittle testified he saw the price tags on the pants and shirt taken by appellant and that the prices on those tags were, respectively, $25.00 and $15.00. Therefore, there was evidence in the record of the value of the items taken by appellant. Appellant's second ground of error is overruled.

In his third ground of error, appellant contends the indictment in the case at bar is defective because it fails to allege a minimum value of the property taken. He argues the absence of a minimum value made the indictment defective because it failed to put him on notice of the degree of theft with which he was being charged.

Tex.Penal Code Ann. § 31.-03(d)(4)(C) (Vernon Supp.1982–1983) provides that theft is a felony of the third degree if the value of the property taken is less than $200.00 and the defendant has been twice previously convicted of *any* grade of theft. The intent of § 31.-03(d)(4)(C) is to punish a third theft offense as a felony irrespective of the value of the property taken so long as it is under $200.00. *Gant v. State*, 606 S.W.2d 867 (Tex.Cr.App. 1980). The indictment in the instant case

charges the appellant with theft under $200.00; it further charges the defendant has been twice previously convicted for misdemeanor theft. Therefore, the indictment was sufficient to put the appellant on notice that he had been charged with the offense of felony theft. Appellant's third ground of error is overruled.

In his fourth ground of error, appellant contends the state was improperly allowed to establish a theory of his actions based on the opinion testimony of Brittle. He argues the testimony was improper because it had no basis in fact.

On direct-examination, Brittle was asked whether appellant's actions would have been apparent to someone standing at a certain cash register located near the sportswear department. Over appellant's objection that the question called for a conclusion, Brittle was allowed to testify that appellant's actions would have been apparent to someone standing at the register. On appeal, appellant argues the testimony was improper because it had no basis in fact. Error is not preserved when the ground of error alleged does not comport with the objection at trial. *See Hannah v. State,* 624 S.W.2d 750 (Tex.App.—Houston [14th Dist.] 1981), *pet. ref'd per curiam,* 632 S.W.2d 151 (Tex.Cr.App.1982). Even assuming that any error has been preserved, we find such error to be harmless. Brittle testified that he saw the appellant take the pants and shirt from the sportswear department. Whether someone standing at the register could have seen appellant's actions is immaterial; further, we do not find the testimony was so prejudicial that appellant was denied a fair trial. Appellant's fourth ground of error is overruled.

The judgment is affirmed.