Richard Lee NORWOOD, Appellant,

v.

The STATE of Texas, Appellee.

Nos. C14–86–726–CR, C14–86–732–CR.

Court of Appeals of Texas,
Houston (14th Dist.)

Aug. 6, 1987.

Robert Finlay, Jamacia Beach, for appellant.

Michael J. Guarino, Dist. Atty., Michael E. Clark, Asst. Dist. Atty., Galveston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from convictions for injury to a child and abandoning a child. Appellant pled not guilty to both charges. He was found guilty of both offenses by a jury, and the court assessed his punishment at one year confinement in the Galveston County Jail for the offense of abandoning a child and ten years confinement in the Texas Department of Corrections for the offense of injury to a child. The latter to be served after the sentence for the abandoning a child offense is completed. We affirm.

Appellant asserts seven points of error. In points of error one through four, Appellant contends that the trial court erred in prohibiting Appellant from introducing, through cross-examination of the child or Dr. Ben Raimer, or through the video-taped testimony of the child, evidence that the complainant, Appellant's step-daughter, had previously been sexually assaulted by her natural father.

Appellant asserts that the injury to a child with which he was charged was the "symbolic" tying of the child's hands to prevent her from masturbating. The child apparently had been taught to do this by her natural father. Appellant contends that his religious beliefs compelled him to tie her hands in order to save her soul from eternal damnation. Therefore, it was essential for him to elicit testimony verifying that the child's natural father actually did sexually assault her and teach her to masturbate.

Appellant was charged with injury to a child as follows:

> [Appellant] did then and there intentionally and knowingly engage in conduct that caused serious bodily injury to ... a child younger than fifteen (15) years of age, by then and there *striking and hitting* the said ... with a paddle, (Emphasis added.)

There is no allegation of injury by tying the child's hands. Further, at trial Appellant testified that he paddled the child, not for masturbating, but for lying:

. . . . .

Q: Why did you spank her?
A: Because she had lied. I thought— I've tried to remember what all [S—] got spankings for. And mostly—I know she's bound to have gotten a spanking for something else, but spanking was something really for lying. And this particular morning it was for lying.

The determination of whether evidence is relevant to any issue in the case lies within the sound discretion of the trial court and will not be disturbed unless a clear abuse of discretion is shown. *Johnson v. State,* 698 S.W.2d 154, 160 (Tex.Crim.App.1985), *cert. denied,* — U.S. —, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); *Barnett v. State,* 733 S.W.2d 342 (Tex.App.—Houston [14th Dist.] 1987, pet. pending) (not yet reported). "[T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Van Arsdall,* 475 U.S. 673, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986), *quoting, Delaware v. Fensterer,* 474 U.S. 15, 106 S.Ct. 292, 295, 88 L.Ed.2d 15 (1985). The trial court found the proposed evidence irrelevant and, pursuant to the State's Motion in Limine, ordered it excluded. Other witnesses were, however, permitted to testify regarding the effect of the alleged sexual assault on both Appellant and the child.

█ The court did rule that defense counsel would be allowed to recall the child and question her in this regard if the State attempted to impeach Appellant regarding the effect of this information on his state

of mind. We hold that the trial court did not abuse its discretion in excluding the evidence. We find the truth or falsity of the child's allegation of sexual assault by her natural father irrelevant to the issue of the effect of that allegation upon Appellant's state of mind.

■ Appellant was charged with intentionally and knowingly engaging in conduct that caused serious bodily injury by striking and hitting the child with a paddle. Appellant's own testimony was that he intentionally paddled the child; therefore, he is guilty of the offense as charged. His reasons for paddling the child go to mitigation of the punishment, not to guilt or innocence. Appellant testified extensively concerning his reasons for paddling the child and the testimony of the Children's Protective Services caseworker and the psychiatrist, Dr. Alan Felthous, corroborated Appellant's testimony. The trial judge was fully cognizant of Appellant's reasons for committing the offense and could take that into consideration in determining the punishment. We find no abuse of discretion. Points of error one through four are overruled.

■ In his fifth point of error, Appellant contends the State erred during voir dire by commenting on Appellant's right to remain silent. Appellant relies on Tex.Code Crim.Proc.Ann. art. 38.08 (Vernon 1979) which prohibits counsel from commenting on or alluding to a defendant's failure to testify. However, Appellant testified at trial, therefore Article 38.08 is inapplicable. *Bridges v. State,* 624 S.W.2d 718 (Tex.App. —Houston [14th Dist.] 1981, pet. ref'd), *cert. denied,* 456 U.S. 1010, 102 S.Ct. 2304, 73 L.Ed.2d 1306 (1981). When a defendant takes the stand as a witness, he waives his right to silence and is subject to the same rules as any other witness. *Bell v. State,* 620 S.W.2d 116, 124 (Tex.Crim.App.1981).

■ Appellant also objects to the State's comment on the co-defendant's failure to testify. We do not find these statements to be error and we do not find they caused harm to Appellant. Point of error five is overruled.

■ In point of error six, Appellant objects to portions of the State's cross-examination of Appellant. Appellant asserts that the trial court erred in allowing the State to badger Appellant and to make derogatory comments about his character, religion and lifestyle. However, the record shows that the trial court sustained Appellant's objections to the comments about "charming discipline" and "living in sin". Appellant received all the relief he requested. He did not request the court to instruct the jury to disregard and he did not move for a mistrial. Therefore, nothing is presented for review. *Loar v. State,* 627 S.W.2d 399, 400 (Tex.Crim.App.1982); *Winkle v. State,* 506 S.W.2d 891, 895 (Tex.Crim. App.1974), *cert. denied,* 419 U.S. 843, 95 S.Ct. 75, 42 L.Ed.2d 71 (1974).

■ The record also shows that Appellant testified at length during direct examination regarding his religious tenets and his belief that the child would suffer eternal damnation if she was not punished for her "sins." Where a defendant chooses to take the stand as a witness he is generally subject to the same rules as any other witness. He may be contradicted, impeached, made to give evidence against himself, cross-examined as to new matter, and treated in every respect as any other witness. *Bell v. State,* 620 S.W.2d at 124; *Ngoc Van Le v. State,* 733 S.W.2d 280 (Tex.App.—Houston [14th Dist.] 1987, pet. pending) (not yet reported). We find the prosecutor's question, "Who died and made you God?" objectionable and improper. The trial court sustained Appellant's objection to the question and instructed the jury to disregard. We do not find the question to be of such a nature that the instruction could not cure any prejudicial effect on the jury. We hold that the prompt instruction to disregard cured the error. *Chambers v. State,* 568 S.W.2d 313, 326 (Tex.Crim.App. 1978), *overruled on other grounds* in *Grijalva v. State,* 614 S.W.2d 420 (Tex.Crim. App.1981), *cert. denied,* 440 U.S. 928, 99 S.Ct. 1264, 59 L.Ed.2d 484 (1979); *Tristan v. State,* 510 S.W.2d 329, 332 (Tex.Crim. App.1974). Point of error six is overruled.

**74**

In his final point of error, Appellant asserts that the State's reference during final argument to Appellant as a "self-righteous, self-pious animal" was reversible error. The record reflects that the complained of argument was as follows:

> We heard from the Richardsons. You've got to come over here and hear this. You've got to see it with your own eyes. You just won't believe what's happening next door. The shrieking screams of this little girl and the mother, by the little child's testimony, kissed her good-bye; and you got the photograph of how she kissed her good-bye. Tied up, bound like an animal. And if that doesn't pose imminent danger of serious physical or mental impairment, I don't know what in the world would.

.    .    .    .    .

> And she shook, and you saw that little girl on the stand. You saw how scared she was to even pick out this man. She said she didn't see him at first. Then when we asked her, "Did it hurt you," she broke down. And this self-righteous, this self-pious animal over here—
>
> MR. FINLAY: Your Honor, we object to the reference to the defendant in the term animal and ask that it's out of order. It's not raised by evidence, and we ask that it be stricken.
>
> THE COURT: This is argument. I overrule your objection.
>
> MR. CLARK: I could have called him a human being if he acted like one. But human beings—what makes us different from animals is that we have compassion.

.    .    .    .    .

The prosecutor's reference to Appellant as an "animal" was not a proper deduction from the evidence. However, we do not find it to be so harmful as to constitute reversible error. Reversible error in jury argument occurs only where, in light of the record as a whole, the language complained of is extreme or manifestly improper, injects new and harmful facts into the case, or violates some mandatory statute. *McKay v. State*, 707 S.W.2d 23, 36 (Tex. Crim.App.1986), *cert. denied*, — U.S. —,

107 S.Ct. 239, 93 L.Ed.2d 164 (1986); *Mathews v. State*, 635 S.W.2d 532, 539 (Tex. Crim.App.1982). In light of the record as a whole, the prosecutor's statement did not cause the rendition of an improper finding of guilty by the jury. The evidence was overwhelming and Appellant admitted his guilt. Point of error seven is overruled.

Accordingly, the judgment of the trial court is affirmed.