NO. 12-02-00138-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




CHARLES REGINALD ALLEN,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






MEMORANDUM OPINION


 Charles Reginald Allen ("Appellant") was convicted for aggravated sexual assault of a child,
and sentenced to life in prison. Appellant raises three issues complaining of improper introduction
of evidence and argument by the State. We affirm.


Background


 Appellant lived with his wife, Mary Allen ("Allen"), who had several adult children and
numerous minor grandchildren. J.C., a granddaughter of Allen and step-granddaughter of Appellant,
is the victim in this case. J.C. was between eight and ten years old at the times of the assaults.

 When J.C. was ten years old, her aunt and cousins lived with J.C. and her family. During this
time, J.C. shared her room with her cousin, C.O. One evening, J.C. became upset, but was unable
to speak about what was disturbing her. Instead, she wrote a note:


 A long time ago when I was sleeping with Grandma & Reggie and Reggie started kissing me I [sic]
it way [sic] dis[g]usting and he started licking me in my private spot. I mean I just want him to stop
and I figured [you are] the one I should tell. Do not tell any[one]. Please[.] Thanks[.]


On the advice of her cousin, J.C. showed the note to her mother, Sylvia Claborn ("Claborn"). 
Claborn contacted the sheriff's department and an investigation ensued. Appellant was indicted for
aggravated sexual assault of J.C., a child younger than fourteen years of age, by causing the contact
of her sexual organ with his mouth. (1) On the same day, Appellant was also indicted for second degree
felony indecency with a child. (2) The second indictment alleged that Appellant touched the genitals
of S.O., who was another one of J.C.'s cousins and also Appellant's step-granddaughter. 

 Appellant filed a pretrial motion to sever the two cases. The trial court ultimately granted
Appellant's motion to sever, but noted that S.O.'s testimony would probably be admissible under
Texas Rules of Evidence 404(b). Before trial began the next day, Appellant objected to the
introduction of extraneous offenses under Rules of Evidence 404(b) and 403. The trial court
overruled Appellant's objections, but encouraged Appellant to object again later if the development
of the testimony did not substantiate the introduction of extraneous evidence. 

 At trial, the State established evidence of the offenses by the testimony of the two named
victims, outcry witnesses, and law enforcement officers. J.C. testified that she sometimes spent the
night with her grandmother and Appellant. During these overnight stays, she slept between them
in the same bed. After her grandmother fell asleep, Appellant touched her "private spot" with his
hands and his mouth. He also kissed her on the mouth, inserting his tongue into her mouth. J.C.
circled the vaginal area and the mouth on a drawing of a girl, demonstrating the places Appellant had
touched her with his mouth. She stated Appellant had touched her between five and ten times. 
Appellant's touching made her feel bad and she wanted him to stop. Appellant instructed J.C. not
to tell anyone. Due to the nature of the offense, no physical or medical evidence was presented. 

 S.O. testified that on most nights that she spent with her grandmother and Appellant, she
slept between them in their bed. After her grandmother fell asleep, Appellant touched her chest and
her front "private" part with his hands. S.O. was seven when he first touched her. Appellant
touched her approximately five times by the time she reached twelve years of age. 

 Both girls testified they had not told anyone about the abuse because they were scared and
embarrassed. However, both Appellant and his wife testified and vigorously denied the allegations. 
The jury found Appellant guilty and imposed a sentence of imprisonment for life.


Extraneous Offenses

 In his first issue, Appellant asserts the trial court erred by allowing the State to introduce
evidence pertaining to Appellant's pending charge of indecency with S.O. after the court had severed
the two cases. He argues that the State offered testimony of alleged extraneous offenses merely to
present him as a child abuser in general and to show that he acted in conformity with his character. 
He also contends that this testimony is not necessary to prove the State's case and, therefore, is not
admissible. Finally, Appellant argues that allowing other witnesses to testify regarding a severed
case caused unfair prejudice.

 The State responds that the evidence was properly presented to rebut Appellant's defensive
theories that 1) the complainant's story was unreasonable because her grandmother was sleeping in
the bed with them when the assaults took place, and 2) the actions complained of were concocted
by the cousins and their mothers. The State urges that the probative value of the testimony 
outweighed the danger of any unfair prejudice.

Applicable Law

 It is well-established that an accused may not be tried for some collateral crime or for being
a criminal generally. Williams v. State, 662 S.W.2d 344, 346 (Tex. Crim. App. 1983). Thus, if
otherwise inadmissible character evidence is shown to be relevant and admissible for permissible
purposes, the court must then consider if the evidence must be excluded on grounds contemplated
by Rule of Evidence 403. Wheeler v. State, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002). The trial
court's ruling must be upheld so long as it is "within the zone of reasonable disagreement." Id. 
Relevant evidence may be excluded if its probative value is substantially outweighed by the danger
of "unfair" prejudice, that is the tendency of the evidence to suggest a decision on an improper basis. 
Tex. R. Evid. 403; Mozon v. State, 991 S.W.2d 841, 846-47 (Tex. Crim. App. 1999). Rule 403
requires exclusion of evidence only when there exists a clear disparity between the degree of
prejudice of the offered evidence and its probative value. Montgomery v. State, 810 S.W.2d 372,
377 (Tex. Crim. App. 1990) (op. on reh'g). 

 The appellate court reviews the trial court's balancing of probative value and prejudice under
an abuse of discretion standard. Id. at 390. The trial court should consider several factors in
determining whether the prejudicial effect of evidence substantially outweighs its probative value. 
These factors include: 1) how compellingly the evidence of the extraneous offense serves to make
a fact of consequence more or less probable, 2) the extraneous offense's potential to impress the jury
in some irrational but indelible way, 3) the trial time that the proponent will require to develop
evidence of the extraneous conduct, and 4) the proponent's need for the extraneous transaction
evidence. Wheeler, 67 S.W.3d at 888. 

Compelling Nature of the Evidence

 Evidence that another child was assaulted by Appellant under the same circumstances is
highly probative, making the fact of Appellant's assault on J.C. more probable. In both cases, the
victim was sleeping in the same bed with Appellant and his wife, Allen. This lends credibility to
J.C.'s complaint and diminishes the viability of Appellant's argument that he could not have
assaulted J.C. because Allen was in the same bed and could not have slept through the sexual
assaults. Like J.C., S.O. testified that after her grandmother fell asleep, Appellant touched her
inappropriately. This testimony attacks Appellant's argument that J.C.'s story was unreasonable
because J.C.'s grandmother was asleep in the bed with them. 

Potential to Impress a Jury in an Irrational and Indelible Way

 S.O. described assaults committed in essentially the same manner as those described by J.C. 
While this testimony may have had a factual impact, these extraneous offenses did not irrationally
impress the jury in a way that could materially impact its decision-making process. Further, any
impermissible inference of character conformity was minimized through a limiting instruction to the
jury. See Lane v. State, 933 S.W.2d 504, 520 (Tex. Crim. App. 1996). The trial court gave a
limiting instruction to the jury explaining that it could not consider the extraneous offense evidence
for any purpose other than determining motive, opportunity, intent, plan, or the absence of mistake
or accident. We cannot conclude that the extraneous offense evidence was likely to create such
prejudice in the minds of the jury that it would have been unable to limit its consideration of that
evidence to its proper purpose. See Montgomery, 810 S.W.2d at 397.

Unnecessary Extension of Trial Time

 The record in this case is over 700 pages long. Of that, S.O.'s testimony comprises only 17
pages. S.O.'s mother, Patricia Ojeda, testified regarding several matters, including how she learned
of S.O.'s alleged abuse. Her testimony comprises 22 pages. Compared to the length of the trial, the
State used a relatively short amount of time presenting the extraneous offense evidence. Therefore,
presentation of this evidence did not divert the jury from consideration of the offense before it.

State's Need for the Evidence

 Other than J.C., there were no witnesses to the alleged offenses against her. The jury had to
determine whether to believe J.C. or Appellant. The testimony of her cousin, S.O., describing
assaults by Appellant committed under the same circumstances goes directly to J.C.'s credibility and
the reasonableness of her story. See Wheeler, 67 S.W.3d at 888 (extraneous offense evidence
describing an offense similar to the charged event contradicted Wheeler's defensive theories).

 Upon review of the record and relevant factors under Rule 403, we conclude that the
probative value of the extraneous offense evidence was not substantially outweighed by its
prejudicial impact. See id. Accordingly, we hold that the trial court did not abuse its discretion in
admitting this evidence. Appellant's first issue is overruled.


Prior Theft Conviction

 In his second issue, Appellant asserts the trial court, sua sponte, should have prevented the
State from questioning Appellant regarding a prior theft conviction. Appellant contends this
questioning violated Rule 609 of the Texas Rules of Evidence, and constituted trying Appellant for
being a criminal generally. However, Appellant admits that he failed to object to this line of
questioning at trial. 

 Under Rule 33.1 of the Texas Rules of Appellate Procedure, an appellant must make a timely
objection, stating the specific grounds for the ruling sought, and receive a ruling from the trial court
on that objection in order to preserve error for appellate review. See Tex. R. App. P. 33.1. Even
constitutional errors, such as due process complaints, are waived if not raised first in the trial court. 
See Jimenez v. State, 32 S.W.3d 233, 235 (Tex. Crim. App. 2000) (citing Gibson v. State, 516
S.W.2d 406, 409 (Tex. Crim. App. 1974)).

 In this case, Appellant lodged no objections at all. Therefore, the issue is not preserved for
appellate review. Even if Appellant had preserved error, it is well-established that certain prior
convictions of a witness may be admitted into evidence for impeaching the witness by attacking his
credibility. Tex. R. Evid. 609(a); Jackson v. State, 11 S.W.3d 336, 339 (Tex. App.-Houston [1st
Dist.] 1999, pet. ref'd). Rule 609(a) allows impeachment of a witness with a prior criminal
conviction if the prior conviction involved a felony or a crime of moral turpitude, and the court
determines its probative value outweighs its prejudicial effect. Id. Because theft is a crime of moral
turpitude, Ludwig v. State, 969 S.W.2d 22, 28 (Tex. App.-Fort Worth 1998, pet. ref'd), the State
could properly question Appellant about his theft conviction under Rule 609. The State's question
was posed to challenge Appellant's credibility, and therefore, was proper under 609. See Lape v.
State, 893 S.W.2d 949, 958 (Tex. App.-Houston [14th Dist.] 1994, pet. ref'd). After a review of
the record, we determine that any prejudicial effect of discussing the theft conviction is not greater
than its probative value. Appellant's second issue is overruled. 


Jury Argument In his third issue, Appellant asserts the trial court erred in allowing the prosecutor to state her
negative opinion of Appellant in closing argument to the jury. Specifically, he complains of the
prosecutor calling Appellant a "monster." During closing argument, the following transpired after
the prosecutor reminded the jury of J.C.'s testimony that Appellant licked her "private spot" and put
his tongue in her mouth.


 PROSECUTOR: That's from a fourth grader. That's from a fourth grader who, by the testimony of the
defendant's wife, has never been known to lie, who by the testimony of the detective who
investigated the case has been consistent throughout this investigation, has been consistent
in everybody that she has talked to, every statement she has written. She has told exactly the
same thing, that this monster sitting right here took his mouth and put it on her private when
she was a child.


 DEFENSE: Your Honor, I object to using the word "monster."


 PROSECUTOR: This defendant. I'll rephrase.


 THE COURT: Please.

 

 PROSECUTOR: This evidence is very clear as to what he did to [J.C.]. . . . 


Applicable Law

 To be appropriate, jury argument must be (1) a summation of the evidence, (2) a reasonable
deduction from the evidence, (3) an answer to the argument of opposing counsel, or (4) a plea for
law enforcement. Walker v. State, 664 S.W.2d 338, 340 (Tex. Crim. App. 1984). If the argument
exceeds permissible bounds, no reversible error occurs unless the argument affects the accused's
substantial rights. Tex. R. Evid. 404(b); see Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App.
1998). To determine if the State's improper argument affected Appellant's substantial rights, we
consider (1) the severity of the misconduct, (2) measures adopted to cure the misconduct, and (3) the
certainty of conviction absent the misconduct. Id.

 As stated above, however, Rule 33.1 of the Texas Rules of Appellate Procedure dictates that
an appellant make a timely objection, stating the specific grounds for the ruling sought, and receive
a ruling from the trial court on that objection in order to preserve error for appellate review. See
Tex. R. App. P. 33.1. We iterate that even constitutional errors, such as due process complaints, are
waived if not raised first in the trial court. See Jimenez v. State, 32 S.W.3d at 235. To preserve
error in criminal cases, the defendant must (1) object to the argument, (2) if the objection is
sustained, move for an instruction to disregard, and (3) if the instruction is given, move for a mistrial. 
Cook v. State, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993). 

Discussion

 In this case, the trial judge implicitly sustained Appellant's objection, but Appellant failed
to ask for an instruction for the jury to disregard. Appellant also failed to ask for a mistrial. 
Therefore, Appellant did not preserve this issue for appellate review. 

 However, even absent waiver, the result would not change. Assuming that the prosecutor's
remark was improper, we must conduct a harm analysis. Calling Appellant a "monster" is no worse
than other improper argument that has been held to be harmless. See Davis v. State, No. 05-96-01949-CR, 1998 WL 324724, at *2 (Tex. App.-Dallas June 22, 1998, no pet.) (not designated for
publication) (where prosecutor referred to defendant as a "monster" in closing argument, the
evidence justified the characterization and was a reasonable deduction); McKay v. State, 707
S.W.2d 23, 36 (Tex. Crim. App. 1985) (where prosecutor described defendant as a "moral vacuum,"
the court found no error); Burns v. State, 556 S.W.2d 270, 285 (Tex. Crim. App. 1977) (when
prosecutor called defendant an "animal," the evidence justified the reference); Hernandez v. State,
791 S.W.2d 301, 307 (Tex. App.-Corpus Christi 1990, pet. ref'd) (prosecutor's reference to
defendant as "scum and goat" not proper, but not reversible error); Norwood v. State, 737 S.W. 2d
71, 74 (Tex. App.-Houston [14th Dist.] 1987, pet. ref'd) (prosecutor's reference to defendant as
"animal" was error, but not reversible). The prosecutor was referring to the evidence when she made
the "monster" comment, not giving her opinion on guilt. She immediately rephrased and then
continued with closing argument without further elaboration. The jury heard all of the evidence,
including evidence in favor of Appellant, and considered all of it in making its decision. 
Accordingly, even if the State's argument was improper, it did not affect Appellant's substantial
rights. See Mosley, 983 S.W.2d at 259. Appellant's third issue is overruled.


Conclusion

Having overruled Appellant's three issues, the trial court's judgment is affirmed. 


 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered January 30, 2004.

Panel consisted of Worthen, C.J. and Griffith, J.

DeVasto, J., not participating.





 














(DO NOT PUBLISH)
1. A person commits aggravated sexual assault if the person intentionally or knowingly . . . causes the sexual
organ of a child to contact or penetrate the mouth . . . of another person, including the actor . . . and the victim is
younger than 14 years of age. Tex. Pen. Code Ann. § 22.021(a)(1)(B)(iii), (a)(2)(B) (Vernon 2003). 
2. A person commits indecency with a child if, with a child younger than 17 years and not the person's
spouse, whether the child is of the same or opposite sex, the person engages in sexual contact with the child . . . . 
Tex. Pen. Code Ann. § 21.11(a)(1).